IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ELIZABETH SHIELDS,  )<br>  )<br>          Plaintiff,  )<br>  )   Case No. 2:20-cv-02205<br>vs.  )<br>  )<br>PROFESSIONAL BUREAU OF  )<br>COLLECTIONS OF MARYLAND, INC.,  )<br>  )<br>          Defendant.  ) | |

**PLAINTIFF'S MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL DISCOVERY**

Pursuant to Fed. R. Civ. P. 37 and D. Kan. R. 37.1, Plaintiff Elizabeth Shields ("Plaintiff") moves to overrule Defendant Professional Bureau of Collection of Maryland, Inc.'s ("Defendant") objections to Plaintiff's written discovery requests, compel better answers, and award sanctions against Defendant and its counsel.

**I.     Relevant background**

Plaintiff alleges Defendant violated the Fair Debt Collection Practices Act ("FDCPA") in connection with the collection of an alleged student loan debt (the "Debt"). Doc. 1 ¶ 15. In connection with the collection of the Debt, Defendant sent Plaintiff three letters—July 2, 2019, August 2, 2019, and August 26, 2019. *Id.* at ¶¶18-26. Both the July 2 and August 2 letters identified the balance as $217,657.60. *Id.* at ¶¶ 21, 24. However, the balance increased by $1,069.41—to $218,727.01—in the August 26 letter. *Id.* at ¶¶ 27-28. However, neither the July 2 nor August 2 letter advises of the possibility that the Debt may increase due to interest, fees, or other charges. *Id.* at ¶¶ 30, 25. By failing to disclose that the balance of the Debt was subject to increase, Defendant's July 2 and August 2 letters used false, deceptive, or misleading representations or means—including the false representation as to the character, amount, or legal status of the Debt—

1

in violation of Sections 1692e(2)(A) and e(10) of the FDCPA. And because its July 2 letter was its initial communication, Doc. 1 ¶ 18, Defendant failed to meaningfully convey the amount of the Debt in violation of Section 1692g(a)(1). If the balance was not subject to increase, Defendant violated Sections 1692e(2)(A) and e(10) by falsely representing that the balance had increased in its August 26 letter.

## II.  Certification pursuant to D. Kan. R. 37.2.

1.  On July 22, 2020, counsel for the parties conferred under Rule 26(f) and developed a proposed discovery plan.

2.  On August 3, 2020, Plaintiff served Interrogatories, Requests for Production, and Requests for Admission (collectively, "Discovery Requests") on Defendant. A true and correct copy is attached as Exhibit A.

3.  On August 7, 2020, Plaintiff submitted to the Court the jointly prepared report of the parties' July 22, 2020 planning conference (the "Rule 26(f) Report"). A true and correct copy is attached as Exhibit B.

4.  On August 14, 2020, the Court held a scheduling conference during which the parties represented that discovery, albeit minimal, was necessary. Doc. 12; Doc. 13 at 1.

5.  The Court subsequently issued its Scheduling Order instructing the parties to "conduct the minimal discovery necessary for their dispositive motions . . . ." Doc. 13 at 2.

6.  On September 1, 2020, Defendant requested, and Plaintiff agreed, to a three-week extension on Defendant's discovery responses. A true and correct copy of the Parties' email correspondence is attached as Exhibit C.

7. On September 14, 2020, Defendant requested, and Plaintiff again agreed, to an additional one-week extension. A true and correct copy of the Parties' email correspondence is attached as Exhibit D.

8. On September 30, 2020, Defendant served its written responses to the Discovery Requests (collectively, "Discovery Responses") and produced 17 pages of documents. A true and correct copy of Defendant's responses and objections to Plaintiff's Interrogatories ("Interrogatory Responses") is attached as Exhibit E. A true and correct copy of Defendant's responses and objections to Plaintiff's Requests for Admission ("Admission Responses") is attached as Exhibit F. A true and correct copy of Defendant's responses and objections to Plaintiff's Requests for Production ("Production Responses") is attached as Exhibit G. A true and correct copy of Defendant's document production ("DEF0001-0017") is attached as Exhibit H.

9. On October 13, 2020, Plaintiff sent a detailed Rule 37 letter, a true and correct copy of which is attached as Exhibit I, explaining the deficiencies with Defendant's Discovery Responses and demanding that Defendant supplement its responses by October 20, 2020.

10. On October 20, 2020, Plaintiff agreed to a three-day extension for Defendant to respond. A true and correct copy of the Parties' email correspondence is attached as Exhibit J.

11. On October 23, 2020, Defendant responded to Plaintiff's Rule 37 letter. A true and correct copy of Defendant's response ("Rule 37 Response") is attached as Exhibit K.

12. Defendant's Rule 37 Response asserts, "that the requested discovery is overly broad, unduly burdensome, and not proportional to the needs of this case under Rule 1 of the Federal Rules of Civil Procedure." Exhibit K at 2. It also falsely implies that fact discovery is not necessary in this matter—it is—and inaccurately states that *both* parties represented to this Court that "the only necessary record needed for determining whether the letter violate the FDCPA are

the letters themselves." *Id*. at 3. Notably, the jointly prepared Rule 26(f) Report indicates that Defendant was aware and agreed that discovery would be taken on its business records, practices, and procedures, its affirmative defenses, and Plaintiff's account. *See* Exhibit B at 5.

13. Pursuant to D. Kan. R. 37.2, Plaintiff's counsel telephonically conferred with Defendant's counsel in good faith on November 5, 2020 concerning the discovery issues detailed in the Rule 37 Letter. Defendant's counsel represented that he would discuss with Defendant and get back to Plaintiff's counsel.

14. On November 10, 2020, Plaintiff's counsel, having not heard from Defendant's counsel, emailed Defendant's counsel asking whether Defendant intended to supplement its discovery responses and detailed the specific information and documents requested.

15. On November 12, 2020, Plaintiff's counsel, having not received a response to her November 10, 2020 email, sent Defendant's counsel a follow up email. Defendant's counsel promptly responded, advising that he anticipated Defendant would be supplementing and hoped to provide the additional information to Plaintiff's counsel the following day. A true and correct copy of the Parties' email correspondence is attached as Exhibit L.

16. On November 16, 2020, Plaintiff's counsel, having not heard from Defendant's counsel, emailed Defendant's counsel following up for Defendant's supplemented discovery responses. Defendant's counsel promptly responded. A true and correct copy of the Parties' November 16, 2020 email correspondence is attached as Exhibit M. Defendant's counsel also produced five screenshots purporting to evidence the account's interest accrual history ("DEF0018-0022"). A true and correct copy of DEF0018-0022 is attached as Exhibit N.

17. On November 17, 2020, Plaintiff requested clarification regarding DEF0018-0022, asserted that Defendant's supplementation remained deficient, and demanded Defendant produce

4

the requested information and documents no later than November 20, 2020. A true and correct copy of the November 17, 2020 email is attached as Exhibit O.

18. On November 24, 2020, Plaintiff's counsel, having not heard from Defendant's counsel, emailed Defendant's counsel advising that Plaintiff intended to move to compel the information and documents Defendant failed to produce. Plaintiff's counsel also asked for Defendant's counsel's availability to again meet and confer pursuant to D. Kan. R. 37.2. A true and correct copy of the November 24, 2020 email is attached as Exhibit P.

19. To date, Defendant's counsel has yet to respond to Plaintiff's counsel's November 24, 2020 email or adequately supplement its discovery responses. Defendant and its counsel's refusal to meaningfully participate in the discovery process leaves Plaintiff with no choice but to file the instant motion. Per D. Kan. R. 37.1, Plaintiff's deadline to compel discovery is no earlier than December 17, 2020.

### III.    Legal standard

A party may moving to compel discovery must include a certification that she has conferred or attempted to confer, in good faith, with the party failing to make disclosure or discovery in an effort to obtain it without court interference. *See* Fed. R. Civ. P. 37(a)(1). Likewise, D. Kan. Rule 37.2 provides that the Court "will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion." The Court has broad discretion in deciding whether to grant a motion compel. *Comeau v. Rupp*, 142 F.R.D. 683, 684-85 (D. Kan. 1992).

### IV.    The Court should overrule Defendant's objections and compel better responses to Interrogatory Nos. 6 and 8, and Request for Production Nos. 1, 3, and 5-7.

The scope of discovery is governed by Fed. R. Civ. P. 26, which states, in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 392, 91 L. Ed. 451 (1947). "When the discovery sought appears relevant on its face, or the discovering party has established relevance, the party resisting discovery bears the burden to support its objections." *Atl. Specialty Ins. Co. v. Midwest Crane Repair*, No. 20-4013-JAR-ADM, 2020 U.S. Dist. LEXIS 157581, at *5 (D. Kan. Aug. 31, 2020). The party resisting discovery "must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." *Ad Astra Recovery Servs. v. Heath*, No. 18-1145-JWB-ADM, 2019 U.S. Dist. LEXIS 160898, at *8 (D. Kan. Sep. 18, 2019) (internal quotations omitted).

### A.  Defendant's deficient responses.

Here, Plaintiff seeks to compel better responses to Interrogatory Nos. 6 and 8, and Request for Production Nos. 1, 3, and 5-7:

> **INTERROGATORY NO. 6**: Identify the date, time, and type (e.g., letter, telephone call), witnesses to and participants in, and the substance of each communication or contact, or attempted communication or contact, between Defendant and any third party, including any credit reporting agencies, related to Plaintiff's account.
>
> **ANSWER:** Defendant objects that this interrogatory seeks information that is irrelevant. This case is about a narrow issue: whether letters that Defendant sent to Plaintiff needed to include additional information about the accrual of interest or

6

other charges. The interrogatory seeks information far beyond the relevant scope (i.e. each communication or attempted communication between Defendant and any third party). Also, due to its breadth, this interrogatory seeks communications between Defendant and its counsel, which are protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Pursuant to Fed. R. Civ. P. 33(d), Defendant will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account.

**INTERROGATORY NO. 8:** Identify all agreements between Defendant and the creditor originating or owning Plaintiff's account by providing the date of the initial agreement and identifying the terms and/or conditions pursuant to which Defendant sought to collect Plaintiff's account.

**ANSWER:** Defendant objects that this interrogatory seeks information that is irrelevant. This case is about a narrow issue: whether letters that Defendant sent to Plaintiff needed to include additional information about the accrual of interest or other charges. The interrogatory seeks information far beyond the relevant scope. Pursuant to Fed. R. Civ. P. 33(d), Defendant will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account.

**REQUEST NO. 1:** Any and all "account notes" as defined above.[1]

**RESPONSE:** Defendant objects that this request seeks information that is irrelevant. This case is about a narrow issue: whether letters that Defendant sent to Plaintiff needed to include additional information about the accrual of interest or other charges. The request seeks documents far beyond the relevant scope. It also seeks communications between Defendant and its counsel, which are protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Defendant will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account.

**REQUEST NO. 3:** All documents Defendant sent to or received from any other person, including the creditor and any credit reporting agencies, mentioning Plaintiff or related to the collection of Plaintiff's account.

**RESPONSE:** Defendant objects that this request seeks information that is irrelevant. This case is about a narrow issue: whether letters that Defendant sent to Plaintiff needed to include additional information about the accrual of interest or other charges. The request seeks documents far beyond the relevant scope. It also seeks communications between Defendant and its counsel, which are protected from disclosure by the attorney-client privilege and attorney work-product doctrine.

---

[1] Instruction F to Plaintiff's Requests for Production defines the term: "'Account notes' refers to any and all documents or data including, but not limited to, logs, notes, and computer printouts relating to, created by, or generated as a result of any system, scheme, technique, practice, procedure or method that Defendant maintains, operates, or employs to record, memorialize, or otherwise document communications or contacts, or attempted communications or contacts, between Defendant and Plaintiff, or Defendant and any third party, or as may otherwise relate to Defendant's actions taken in connection with the collection of the debt referenced in Plaintiff's complaint."

Defendant will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account.

**REQUEST NO. 5:** All recordings, copies, transcriptions, or productions, or other documents fixated in any medium, of communications or conversations, or attempted communications or conversations, between Defendant and any other person related to Plaintiff's account.

**RESPONSE:** Defendant objects that this request seeks information that is irrelevant. This case is about a narrow issue: whether letters that Defendant sent to Plaintiff needed to include additional information about the accrual of interest or other charges. The request seeks documents far beyond the relevant scope. It also seeks communications between Defendant and its counsel, which are protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Defendant will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account.

**REQUEST NO. 6:** All other documents relating to Plaintiff's account, including all documents that contain Plaintiff's name, address, telephone number, account number, or any other information which is personally identifiable to Plaintiff.

**RESPONSE:** Defendant objects that this request seeks information that is irrelevant. This case is about a narrow issue: whether letters that Defendant sent to Plaintiff needed to include additional information about the accrual of interest or other charges. The request seeks documents far beyond the relevant scope. It also seeks communications between Defendant and its counsel, which are protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Defendant will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account.

**REQUEST NO. 7:** All documents memorializing or otherwise relating to the terms, conditions, and/or other agreements made by Defendant related to the collection Plaintiff's account, including but not limited to Defendant's agreement with the creditor of Plaintiff's account, and any agreement with any credit reporting agencies.

**RESPONSE:** Defendant objects that this request seeks information that is irrelevant. This case is about a narrow issue: whether letters that Defendant sent to Plaintiff needed to include additional information about the accrual of interest or other charges. The request seeks documents far beyond the relevant scope. It also seeks communications between Defendant and its counsel, which are protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Defendant will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account.

Exhibit E at 5-6; Exhibit G at 3-6.

### B. The discovery sought is relevant.

The term "relevant" is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978); *see Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2002) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."). "Consequently, a request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party." *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL-DJW, 2007 U.S. Dist. LEXIS 14469, at *28 (D. Kan. Feb. 27, 2007) (internal quotations omitted).

Here, the requested information is clearly relevant to both Defendant's liability as well as the amount of damages. *See* 15 U.S.C. § 1692k(b)(1) (identifying "the frequency and persistence of noncompliance" as a factor of statutory damages). Plaintiff's FDCPA claims revolve around the balance of the Debt, including Defendant's representations as to the same. Specifically, whether interest, fees, or other charges were accruing on the Debt, and whether Defendant's letters falsely represented the balance. Thus, communications with third parties (ROG 6, 8; RFP 3, 5, 7) are relevant to determining the actual balance of the Debt, as well as the frequency and persistency of Defendant's violations. These conversations and communications are also likely to be reflected in Defendant's Account Notes (RFP 1) and in recordings, copies, transcriptions, or productions, or other documents fixated in any medium (RFP 5). Likewise, Defendant's agreements with the creditor (ROG 8), the terms and conditions of such agreements (RFP 7), and the documents relating to the Debt (RFP 6), are relevant to the balance of the Debt and the amounts Defendant sought to collect.

9

What's more, Defendant's response to Interrogatory No. 14, *see* Exhibit E at 8 (asking Defendant to identify the reason(s) the balance of the debt is higher in its August 26, 2019 letter than its July 2, 2019 and August 2, 2019 letters), vaguely states that "the Department of Education applied accrued interest and collection costs and fees to Plaintiff's account on August 7, 2019." *Id*. Although Defendant states that it "will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account," none of the documents produced are responsive to these requests. *See* Exhibit H.

The information and documents sought likely include relevant information relating to the balance of the Debt; specifically, the balance on the date it was first assigned to Defendant for collection, July 2, 2019, August 2, 2019, and August 26, 2019, whether the balance on each of the aforementioned dates was comprised of interest and/or other charges and itemization of the same, the method of calculating the balance owed on each date, and whether and how often Defendant communicated incorrect information regarding the Debt's balance. These documents will establish whether the balance of the Debt was dynamic or static, and which, if any, of Defendant's letters to Plaintiff accurately identified the balance of the Debt. Although Defendant states that it "will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account," none of the documents produced are responsive to these particular requests. *See* Exhibit H.

### C. Defendant waived its privilege objection by failing to produce a privilege log.

A party withholding discoverable information based on a privilege objection must not only make the claim, but must also "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

"This detailed and specific showing required under Rule 26 (b)(5) is typically presented in the form of a privilege log." *Kannaday v. Ball*, 292 F.R.D. 640, 645 (D. Kan. 2013). "It is well-established in this District that the objecting party must provide enough information in the privilege log to enable the withholding party, and the Court, to assess each element of the asserted privilege and determine its applicability." *Murray v. Manorcare of Topeka Ks*, No. 19-2148-DDC-KGG, 2020 U.S. Dist. LEXIS 63222, at *9 (D. Kan. Apr. 10, 2020) (internal quotations omitted). "It is well settled that if a party fails to make the required showing under Fed. R. Civ. P. 26(b)(5)(A) by not producing a privilege log or by producing an inadequate one, courts may deem the privilege waived." *Kannaday*, 292 F.R.D. at 646.

In response to Interrogatory No. 6 and Request for Production Nos. 1, 3, and 5-7, Defendant baldly asserted objections based on attorney-client privilege. *See* Exhibit E at 5; Exhibit G at 2-6. But Defendant failed to produce a privilege log. *Id.* To properly evaluate Defendant's objection, Plaintiff's Rule 37 Letter specifically requested that Defendant "produce a privilege log so Plaintiff may properly assess Defendant's objection," *see* Exhibit I at 2-7. Due to Defendant's continued failure to produce the same, Plaintiff is unable to evaluate the objection. By failing to produce a privilege log, Defendant has waived its objections based on attorney-client privilege. Accordingly, the Court should compel Defendant to supplement its responses to Interrogatory No. 6 and Request for Production Nos. 1, 3, and 5-7.

**V.     Defendant's responses to Interrogatory Nos. 10-13 and 17-18 are inadequate and must be supplemented.**

In response to each of these requests, *see* Exhibit E at 7-9, Defendant does not assert any objections. Instead, it states, "Pursuant to Fed. R. Civ. P. 33(d), Defendant will produce account documents responsive to this interrogatory." *Id*. Yet, none of the documents Defendant produced

11

are responsive to any of Plaintiff's requests. *See* Exhibit H. Further, the documents produced make clear other responsive documents exist in Defendant's possession.

For example, Interrogatory Nos. 10-13 and 18 are specifically tailored to discover information about the Debt's balance, including itemizing the principal balance, interest, and other charges. DEF0001-0006 are merely copies of the court-stamped exhibits to Plaintiff's complaint and thus provide no itemization of the Debt's balance. *See id.* at 2-7. DEF0007-0009 are pages of Defendant's letter to Plaintiff dated February 24, 2020, regarding her objection to a notion of intent to garnish. *See id*. at 8-10. Another letter from Defendant dated February 24, 2020, DEF0010, purports to provide Plaintiff with her requested validation of the Debt. *See id*. at 11. Noticeably missing from Defendant's document production are Plaintiff's communications prompting Defendant's February 24, 2020 correspondence. *See gen. id.* DEF0011-0013 are pages of a December 23, 2019 letter to Plaintiff from the Department of Education regarding its intention to garnish her wages. *See id.* at 12-14. DEF0014-0017 are copies of a SallieMae application and promissory note allegedly filled out by Plaintiff 20 years ago. *See id.* at 15-18. Again, none of these documents provide any information about the Debt's balance from the date it was first assigned to Defendant for collection onward. Defendant should be compelled to produce the requested information and documents.

What's more, Defendant's response to Interrogatory No. 17, *see* Exhibit E at 9 (asking Defendant to state the principal facts upon which Defendant relies for each affirmative defense included in its answer), is entirely inadequate because it provides zero information. Plaintiff is entitled to discovery on Defendant's affirmative defenses. Accordingly, the Court should either prohibit Defendant from asserting any of its affirmative defenses or compel Defendant to respond.

**VI.     Defendant's supplemental document production is an inadequate.**

In response to Plaintiff's Rule 37 Letter and her counsel's specific request that Defendant produce its account notes, *see* Exhibit M at 5 ("Again, we are requesting that PBCM produce its account notes. . . ."), Defendant produced five screenshots purportedly showing the account's interest accrual history saved in PDF format. *See* Exhibit N. Noticeably missing from these screenshots is any indication that these came from Defendant's system. Instead, based on the account balance history starting on April 2, 2011, it appears these screenshots may have come from the Department of Education. But despite requesting an explanation of their origination and whether they came from the Department of Education, *see* Exhibit O, none has been provided.

To the extent Defendant's supplemental document production was intended to satisfy Plaintiff's request for Defendant's account notes relating to the debt, Plaintiff contends that it is inadequate. Accordingly, this Court should compel Defendant to 1) clarify the origination of the screenshots, and 2) produce Defendant's account notes relating to the debt as they are kept in the regular course of business—not merely as screenshots saved as PDFs.

**VII.    Rule 37 mandates Defendant and its counsel pay Plaintiff's attorney's fees incurred in bringing this motion.**

Rule 37 provides that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). However, Plaintiff is not entitled to payment if 1) Plaintiff filed the motion without first attempting in good faith to obtain discovery without the Court's intervention; 2) Defendant's nondisclosure or objections were substantially justified; or 3) other circumstances make an award of expenses unjust. *Id*.

Here, Defendant and its counsel should be required to pay Plaintiff's reasonable expenses, including attorney's fees, spent to obtain the discovery sought. Plaintiff made a several good-faith attempts to obtain discovery without this Court's intervention, including a detailed Rule 37 Letter, multiple emails, and a telephone conference. Defendant's nondisclosures and objections were *not* substantially justified, and no other circumstances make an award of expenses unjust. Accordingly, reasonable expenses, including attorney's fees, must be awarded against Defendant and its counsel.

## VIII.   Conclusion.

Dispositive motions are due in less than two weeks, on December 21, 2020. Despite Plaintiff's good-faith efforts to resolve the current discovery dispute well-before this deadline, Defendant continues to withhold highly relevant information and documents it unilaterally considers "irrelevant." Defendant and its counsel are improperly twisting language in this Court's scheduling order to avoid their obligation to meaningfully engage in the discovery process as required by the Federal Rule of Civil Procedure. Accordingly, Plaintiff respectfully requests that this Court grant her instant motion to compel, overrule all of Defendant's objections, order Defendant to produce the requested information and documents, and award Plaintiff reasonable attorney's fees incurred in bringing this instant motion.

Dated: December 9, 2020

>                                         Respectfully submitted,
>
>                                         /s/ Anthony LaCroix
>                                         Anthony LaCroix
>                                         KS Bar No. 24279
>                                         1600 Genessee, Ste. 956
>                                         Kansas City MO 64102
>                                         Telephone:  (816) 399-4380
>                                         Fax:  (816) 399-4380
>                                         Email:  tony@lacroixlawkc.com
>                                         *Lead Counsel for Plaintiff*

*Co-counsel with Thompson Consumer Law Group*

**Correspondence Address:**

Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206

s/Amorette Rinkleib
Amorette Rinkleib
*Pro Hac Vice*
Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 899-9189
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on December 9, 2020, I filed the foregoing document with the Court using CM/ECF, which will send notice to counsel of record as follows:

Joshua C. Dickinson
Kersten L. Holzhueter
Spencer Fane, LLP
1000 Walnut Street
Suite 1400
Kansas City, MO 64106
jdickinson@spencerfane.com
kholzhueter@spencerfane.com
*Counsel for Defendant*

/s/ Anthony LaCroix
Anthony LaCroix