# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELIZABETH SHIELDS, )
 )
    Plaintiff, )
 ) Case No. 2:20-cv-02205-HLT-GEB
   vs. )
 ) **PLAINTIFF'S FIRST SET OF**
PROFESSIONAL BUREAU OF ) **INTERROGATORIES TO**
COLLECTIONS OF MARYLAND, INC., ) **DEFENDANT**
 )
    Defendant. )

Plaintiff Elizabeth Shields ("Plaintiff") hereby requests that Defendant Professional Bureau of Collections of Maryland, Inc. ("Defendant") answer the following Interrogatories under oath in accordance with Rule 33 of the Federal Rules of Civil Procedure. These Interrogatories shall be deemed continuing so as to require supplemental answers should Defendant obtain or acquire additional information following the date on which Defendant serves its answers.

## INSTRUCTIONS AND DEFINITIONS

A. The phrase "discovery request" shall include Interrogatories, Requests for Production of Documents and Requests for Admission.

B. Answers to discovery requests must be furnished within thirty (30) days of the date of service.

C. The term "Defendant" shall include the Defendant listed in the caption of this matter upon whom this discovery request has been served, and any agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship in the broadest sense, and also includes as well as any person, agent, servant and/employee who acted on behalf of the Defendant at any time and in connection with answering these discovery requests. "Defendant" may also be referenced herein as "you."

D.      "Debt" or "account" shall refer to the obligation or alleged obligation of Plaintiff referenced in Plaintiff's complaint, the actions taken in connection with which form the basis of the instant controversy.

E.      The terms "document" or "documents" shall refer to all writings and recorded materials, of any kind without limitation, that are or have been fixated in a tangible medium that are or have been in the possession, custody or control of Defendant of which Defendant has knowledge, whether originals or copies, whether stored electronically or non-electronically.

F.      A request to identify a document is a request to state as applicable:

   1.  The date of the document;
   2.  The type of document;
   3.  The names and present addresses of the person or persons who prepared the document and of the signers and addressers of the document;
   4.  The name of the employer or principal whom the signers, addressers and preparers were representing;
   5.  The present location of the document;
   6.  The name and current business and home addresses of the present custodians of the original document, and any copies of it;
   7.  A summary of the contents of the document;
   8.  If the original document was destroyed, the date and reason for or circumstances under which it was destroyed, and
   9.  Sufficient information to enable Plaintiff to obtain the document with a subpoena.

G.      A request to identify a person is a request to state said person's:

   1.  Name;
   2.  Job title or position last held if person is no longer employed;
   3.  Current or last known address and telephone number, if person cannot be contacted by and through Defendant's counsel.

H.      The term "person" shall also include corporations, partnerships, or any other type of business entity, incorporated or otherwise, and to also include agents, servants, employees and representatives thereof.  The term "person" shall also include any court and any credit reporting agency, as well as any agents, servants, employees and representatives thereof.

I.      The terms "communicate" and/or "communication" shall include every manner of transmitting or receiving information, opinions, or thoughts from one person to another person, whether made or accomplished orally or by document, whether face-to-face, by telephone, mail, telex, facsimile, personal delivery, email or otherwise, including, but not limited to, words transmitted by telephone, radio, or any method of voice recording.

J.      The term "employee" shall mean any person who at any time during the timeframe anticipated by a request for information, acted, purported to act, or otherwise gave indication that it was acting on behalf of the Defendant, as listed in the caption of this matter, including all past and present directors, officers, executives, agents, servants, representatives, attorneys, accountants, independent contractors, advisors or consultants of such other person(s).

K.      The phrases "related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning and any other possible connection within the broadest sense of those terms.

L.      The terms "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.  The use of the word "including" shall be construed to mean "without limitation."

M.      Reference to the singular shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

N.      If any Interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds and said document is clear, not coded, comprehensible, legible, and responds to the Interrogatory without the need for special knowledge or interpretation. Information that is not easily obtained from produced documents must be expressly provided in response to the specific Interrogatory in which the request for information was made.

O.      Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of time between the present and the number of years prior to the date of filing the original complaint equivalent to the longest statute of limitations period of any claim asserted in the complaint.  Each discovery request is considered continuing, and if Defendant obtains information which renders its answers,

or one of its answers, incomplete or inaccurate Defendant is obligated to serve amended answers, on the undersigned.

P.    In the event you assert any form of objection or privilege as a ground for not answering a discovery request or any part thereof, please set forth the legal grounds and facts upon which the objection or privilege is based, including sufficient information to allow Plaintiff or a court to evaluate whether the objection or claim of privilege has a basis in law or fact.

## INTERROGATORIES

1.    Identify each person answering or providing any information used to prepare Defendant's initial (or any subsequent) disclosures or respond to the operative complaint and Plaintiff's discovery requests.

2.    Identify and describe all documents referred to, or consulted, in the preparation of Defendant's answer(s), Defendant's responses to Plaintiff's discovery requests, and Defendant's initial (or any subsequent) disclosures.

3.    Identify and describe each document known to Defendant related to Plaintiff's account.

4.    Identify all persons who participated in Defendant's activities related to Plaintiff's account and briefly describe the extent of their participation.

5.    Identify the date, time, and type (e.g., letter, telephone call), witnesses to and participants in, and the substance of each communication or contact, or attempted communication or contact, between Defendant and Plaintiff.

6.    Identify the date, time, and type (e.g., letter, telephone call), witnesses to and participants in, and the substance of each communication or contact, or attempted communication or contact, between Defendant and any third party, including any credit reporting agencies, related to Plaintiff's account.

4

7.     For each document received by Defendant from the creditor of Plaintiff's account, produced in response to any Request for Production, identify the date on which Defendant first received each document.

8.     Identify all agreements between Defendant and the creditor originating or owning Plaintiff's account by providing the date of the initial agreement and identifying the terms and/or conditions pursuant to which Defendant sought to collect Plaintiff's account.

9.     Has Defendant recorded any communications or conversations, or attempted communications or conversations, with Plaintiff and/or third parties in connection with Defendant's activity related to Plaintiff's account?   If yes, has Defendant retained the recordings?  If the recordings have not been maintained, please explain the reason for their disposal.

10.     At the time Plaintiff's account was assigned to Defendant for collection, please identify and describe the amount allegedly owed by Plaintiff on the debt, itemizing the principal balance, interest, and any other charges. With regard to interest and other charges, please describe the basis therefore and how such amount as calculated.

11.     Identify and describe the amount allegedly owed by Plaintiff on the account as of July 2, 2019, itemizing the principal balance, interest, and any other charges. With regard to interest and other charges, please describe the basis therefore and how such amount as calculated.

12.     Identify and describe the amount allegedly owed by Plaintiff on the account as of August 2, 2019, itemizing the principal balance, interest, and any other charges. With regard to interest and other charges, please describe the basis therefore and how such amount as calculated.

13.     Identify and describe the amount allegedly owed by Plaintiff on the account as of August 26, 2019, itemizing the principal balance, interest, and any other charges. With regard to interest and other charges, please describe the basis therefore and how such amount as calculated.

14.     Identify and describe the reason(s) the balance of the debt listed in Defendant's August 26, 2019 letter is $1,069.41 more than the balance of the debt listed in Defendant's July 2, 2019 and August 2, 2019 letters.

15.     Does Defendant contend that it committed any error in connection with the collection of Plaintiff's account? If so, identify and describe the error or errors.

16.     Identify and describe all policies and procedures utilized and/or employed by Defendant in effort to avoid the error or errors described in the previous interrogatory, if any, and describe how any such policies or procedures have been implemented and maintained by Defendant.

17.     Please state in detail the principal facts upon which Defendant relies for each affirmative defense included in Defendant's answer to Plaintiff's complaint.

18.     With respect to interest accruing on the debt, identify the rate of interest, the balance which is accruing interest, from what date interest began to accrue on such balance, and the manner in which interest is calculated (simple, compound, etc.).

Dated: August 3, 2020.

Respectfully submitted,

/s/ Anthony LaCroix
Anthony LaCroix
KS Bar No. 24279
1600 Genessee, Ste. 956
Kansas City, MO 64102
Telephone:  (816) 399-4380
Fax:  (816) 399-4380
Email:  tony@lacroixlawkc.com
*Lead Counsel for Plaintiff*

*Co-counsel with Thompson Consumer Law Group*

**Correspondence Address:**

Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206

## CERTIFICATE OF SERVICE

I certify that on August 3, 2020, Plaintiff's First Set of Interrogatories was served on

Defendant Professional Bureau of Collections of Maryland, Inc. through counsel of record via

email, with option for delivery via U.S. Mail at Defendant's request, as follows:

> Joshua C. Dickinson
> Kersten L. Holzhueter
> Spencer Fane LLP
> 1000 Walnut, Suite 1400
> Kansas City, MO 64106
> jdickinson@spencerfane.com
> kholzhueter@spencerfane.com

> s/Joel Wresh
> Joel Wresh

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ELIZABETH SHIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:20-cv-02205-HLT-GEB |
| vs. | ) | |
| | ) | **PLAINTIFF'S FIRST SET OF** |
| PROFESSIONAL BUREAU OF | ) | **REQUESTS FOR ADMISSION TO** |
| COLLECTIONS OF MARYLAND, INC., | ) | **DEFENDANT** |
| | ) | |
| Defendant. | ) | |

Plaintiff Elizabeth Shields ("Plaintiff") hereby requests that Defendant Professional Bureau of Collections of Maryland, Inc. ("Defendant") respond to the following Requests for Admission under oath in accordance with Rule 36 of the Federal Rules of Civil Procedure. These Requests for Admission shall be deemed continuing so as to require supplemental answers should Defendant obtain or acquire additional information following the date on which Defendant serves its responses.

## **INSTRUCTIONS AND DEFINITIONS**

A.     The phrase "discovery request" shall include Interrogatories, Requests for Production of Documents and Requests for Admission.

B.     Answers to discovery requests must be furnished within thirty (30) days of the date of service.

C.     The term "Defendant" shall include the Defendant listed in the caption of this matter upon whom this discovery request has been served, and any agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship in the broadest sense, and also includes as well as any person, agent, servant and/employee who acted on behalf of the Defendant at any time and in connection with answering these discovery requests. "Defendant" may also be referenced herein as "you."

1

D.      The terms "document" or "documents" shall refer to all writings and recorded materials, of any kind without limitation, that are or have been fixated in a tangible medium that are or have been in the possession, custody or control of Defendant of which Defendant has knowledge, whether originals or copies, whether stored electronically or non-electronically.

E.      "Debt" or "account" shall refer to the obligation or alleged obligation of Plaintiff referenced in Plaintiff's complaint, the actions taken in connection with which form the basis of the instant controversy.

F.      The term "person" shall also include corporations, partnerships, or any other type of business entity, incorporated or otherwise, and to also include agents, servants, employees and representatives thereof. The term "person" shall also include any court and any credit reporting agency, as well as any agents, servants, employees and representatives thereof.

G.      The terms "communicate" and/or "communication" shall include every manner of transmitting or receiving information, opinions, or thoughts from one person to another person, whether made or accomplished orally or by document, whether face-to-face, by telephone, mail, telex, facsimile, personal delivery, electronic mail (i.e., email) or otherwise, including, but not limited to, words transmitted by telephone, radio, or any method of voice recording.

H.      The phrases "related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning and any other possible connection within the broadest sense of those terms.

I.      The terms "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

J.      Reference to the singular shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

K.      In the event you assert any form of objection or privilege as a ground for not answering a discovery request or any part thereof, please set forth the legal grounds and facts upon which the objection or privilege is based, including sufficient information to allow Plaintiff or a court to evaluate whether the objection or claim of privilege has a basis in law or fact.

2

## <u>REQUESTS FOR ADMISSION</u>

1.      Plaintiff is a natural person.

2.      Plaintiff is obligated or allegedly obligated to pay a debt.

3.      The debt arose out of Plaintiff's student loans.

4.      Plaintiff's debt arose out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

5.      As of July 2, 2019, interest was accruing on Plaintiff's debt.

6.      The $217,657.60 balance listed in Defendant's July 2, 2019 letter included interest accrued through July 2, 2019.

7.      As of August 2, 2019, interest was accruing on Plaintiff's debt.

8.      The $217,657.60 balance listed in Defendant's August 2, 2019 letter did not include interest accrued through August 2, 2019.

9.      The balance of Plaintiff's debt on August 2, 2019 was not $217, 657.60.

10.      As of August 26, 2019, interest was accruing on Plaintiff's debt.

11.      The $218,727.01 balance listed in Defendant's August 26, 2019 letter included interest accrued through August 26, 2019.

12.      Defendant made no errors in connection with the collection of Plaintiff's account.

13.     Defendant does not maintain procedures reasonably adapted to avoid the violation(s) of the Fair Debt Collection Practices Act alleged in Plaintiff's operative complaint.

14.     A written contract or agreement exists that controls, directs, or otherwise relates to Defendant's performance in connection with the collection of Plaintiff's account.

Dated: August 3, 2020.

Respectfully submitted,

/s/ Anthony LaCroix
Anthony LaCroix
KS Bar No. 24279
1600 Genessee, Ste. 956
Kansas City, MO 64102
Telephone:  (816) 399-4380
Fax:  (816) 399-4380
Email:  tony@lacroixlawkc.com
*Lead Counsel for Plaintiff*

*Co-counsel with Thompson Consumer Law Group*

**Correspondence Address:**

Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 3, 2020, Plaintiff's First Set of Requests for Admission was served on Defendant Professional Bureau of Collections of Maryland, Inc. through counsel of record via email, with option for delivery via U.S. Mail at Defendant's request, as follows:

Joshua C. Dickinson
Kersten L. Holzhueter
Spencer Fane LLP
1000 Walnut, Suite 1400
Kansas City, MO 64106
jdickinson@spencerfane.com
kholzhueter@spencerfane.com

<u>s/Joel Wresh</u>
Joel Wresh

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ELIZABETH SHIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:20-cv-02205-HLT-GEB |
| vs. | ) | |
| | ) | **PLAINTIFF'S FIRST SET OF** |
| PROFESSIONAL BUREAU OF | ) | **REQUESTS FOR PRODUCTION TO** |
| COLLECTIONS OF MARYLAND, INC.,| ) | **DEFENDANT** |
| | ) | |
| Defendant. | ) | |

Plaintiff Elizabeth Shields ("Plaintiff") hereby requests that Defendant Professional

Bureau of Collections of Maryland, Inc. ("Defendant") produce the following documents for

inspection and copying in accordance with Rule 34 of the Federal Rules of Civil Procedure.

Plaintiff's request is intended to cover all documents in possession of the Defendant, or subject

to its custody and control, regardless of location and shall be deemed continuing so as to require

supplemental answers should Defendant obtain or acquire additional information following the

date on which Defendant serves its responses.

## INSTRUCTIONS AND DEFINITIONS

A.   The phrase "discovery request" shall include Interrogatories, Requests for Production
of Documents and Requests for Admission.

B.   Answers to discovery requests must be furnished within thirty (30) days of the date of
service.  Documents may be produced by electronic copy, unless impracticable.

C.   The term "Defendant" shall include the Defendant listed in the caption of this matter upon
whom this discovery request has been served, and any agency, subsidiary(ies), parent
corporation(s) and/or any of its branches, departments, employees, agents, contractual
affiliates, or otherwise connected by legal relationship in the broadest sense, and also
includes as well as any person, agent, servant and/employee who acted on behalf of the
Defendant at any time and in connection with answering these discovery requests.
"Defendant" may also be referenced herein as "you."

D.    The terms "document" or "documents" shall refer to all writings and recorded materials, of any kind without limitation, that are or have been fixated in a tangible medium that are or have been in the possession, custody or control of Defendant of which Defendant has knowledge, whether originals or copies, whether stored electronically or non-electronically.

E.    "Debt" or "account" shall refer to the obligation or alleged obligation of Plaintiff referenced in Plaintiff's complaint, the actions taken in connection with which form the basis of the instant controversy.

F.    "Account notes" refers to any and all documents or data including, but not limited to, logs, notes, and computer printouts relating to, created by, or generated as a result of any system, scheme, technique, practice, procedure or method that Defendant maintains, operates, or employs to record, memorialize, or otherwise document communications or contacts, or attempted communications or contacts, between Defendant and Plaintiff, or Defendant and any third party, or as may otherwise relate to Defendant's actions taken in connection with the collection of the debt referenced in Plaintiff's complaint.

G.    The term "person" shall also include corporations, partnerships, or any other type of business entity, incorporated or otherwise, and to also include agents, servants, employees and representatives thereof.  The term "person" shall also include any court and any credit reporting agency, as well as any agents, servants, employees and representatives thereof.

H.    The terms "communicate" and/or "communication" shall include every manner of transmitting or receiving information, opinions, or thoughts from one person to another person, whether made or accomplished orally or by document, whether face-to-face, by telephone, mail, telex, facsimile, personal delivery, email or otherwise, including, but not limited to, words transmitted by telephone, radio, or any method of voice recording.

I.    The phrases "related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning and any other possible connection within the broadest sense of those terms.

J.    The terms "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.  The use of the word "including" shall be construed to mean "without limitation."

K.      Reference to the singular shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

L.      Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of time between the present and the number of years prior to the date of filing the original complaint equivalent to the longest statute of limitations period of any claim asserted in the complaint.  Each discovery request is considered continuing, and if Defendant obtains information which renders its answers, or one of its answers, incomplete or inaccurate Defendant is obligated to serve amended answers, on the undersigned.

M.      In the event you assert any form of objection or privilege as a ground for not answering a discovery request or any part thereof, please set forth the legal grounds and facts upon which the objection or privilege is based, including sufficient information to allow Plaintiff or a court to evaluate whether the objection or claim of privilege has a basis in law or fact.

## REQUESTS FOR PRODUCTION

1.      Any and all "account notes" as defined above.

2.      All documents Defendant sent to or received from Plaintiff.

3.      All documents Defendant sent to or received from any other person, including the creditor and any credit reporting agencies, mentioning Plaintiff or related to the collection of Plaintiff's account.

4.      All recordings, copies, transcriptions, or productions, or other documents fixated in any medium, of communications or conversations, or attempted communications or conversations, between Defendant and Plaintiff.

5.      All recordings, copies, transcriptions, or productions, or other documents fixated in any medium, of communications or conversations, or attempted communications or conversations, between Defendant and any other person related to Plaintiff's account.

6.      All other documents relating to Plaintiff's account, including all documents that contain Plaintiff's name, address, telephone number, account number, or any other information which is personally identifiable to Plaintiff.

7.      All documents memorializing or otherwise relating to the terms, conditions, and/or other agreements made by Defendant related to the collection Plaintiff's account,

including but not limited to Defendant's agreement with the creditor of Plaintiff's account, and any agreement with any credit reporting agencies.

8.      All documents related to any error that Defendant made, if any, in connection with the collection of Plaintiff's account.

9.      All documents related to any policies and/or procedures utilized by Defendant in effort to avoid the error or errors referenced in the previous request, and all documents related to how such policies or procedures are implemented and maintained.

10.      Any and all documents referred to by Defendant in its Rule 26 disclosures, or identified in response to any of Plaintiff's interrogatories, and not previously disclosed and not disclosed in response to any other request for production.


Dated: August 3, 2020.

Respectfully submitted,

/s/ Anthony LaCroix
Anthony LaCroix
KS Bar No. 24279
1600 Genessee, Ste. 956
Kansas City, MO 64102
Telephone:  (816) 399-4380
Fax:  (816) 399-4380
Email:  tony@lacroixlawkc.com
*Lead Counsel for Plaintiff*

*Co-counsel with Thompson Consumer Law Group*

**Correspondence Address:**

Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206

4

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on August 3, 2020, Plaintiff's First Set of Requests for Production was

served on Defendant Professional Bureau of Collections of Maryland, Inc. through counsel of

record via email, with option for delivery via U.S. Mail at Defendant's request, as follows:

> Joshua C. Dickinson
> Kersten L. Holzhueter
> Spencer Fane LLP
> 1000 Walnut, Suite 1400
> Kansas City, MO 64106
> jdickinson@spencerfane.com
> kholzhueter@spencerfane.com

> <u>s/Joel Wresh</u>
> Joel Wresh

5