# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ELIZABETH SHIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:20-cv-02205-HLT-GEB |
| vs. | ) | |
| | ) | |
| PROFESSIONAL BUREAU OF | ) | |
| COLLECTIONS OF MARYLAND, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT OF PARTIES' PLANNING CONFERENCE**

1.      **Rule 26(f) Conference.** Pursuant to Fed. R. Civ. P. 26(f), a discovery and case management conference was held on July 22, 2020, and was attended by Anthony LaCroix for Plaintiff and Joshua C. Dickinson for Defendant. The conference was conducted by telephone.

2.      **Preliminary Matters.**

A.      The following persons will appear at the upcoming Rule 16 scheduling conference with the magistrate judge:

For Plaintiff – Anthony LaCroix, (816) 399-4380

For Defendant Joshua C. Dickinson, (816) 474-8100

B.      The parties provide the following information regarding themselves and their counsel:

Plaintiff Elizabeth Shields
1101 Central
St. Leavenworth, KS 66048
(913) 702-5965
liveforjesuschrist@aol.com

Represented by Anthony LaCroix
LaCroix Law
1600 Genessee Ste. 956
Kansas City, MO 64102
816-399-4380
tony@lacroixlawkc.com

1

Defendant Professional Bureau of Collections of Maryland, Inc.
5295 DTC Pkwy
Greenwood Village, CO 80111

Represented by Joshua C. Dickinson & Kersten L. Holzhueter
Spencer Fane, LLP
1000 Walnut Street
Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216
jdickinson@spencerfane.com
kholzhueter@spencerfane.com

C.    The parties jointly submit the following case summary:

**Plaintiff:**

Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., in connection with the collection of an alleged debt. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Defendant sent Plaintiff an initial written communication dated July 2, 2019 that identified the balance of the debt as $217,657.60. Defendant's July 2, 2019 letter does not indicate that the debt is subject to increase due to accrued interest, fees, or other charges. Defendant sent Plaintiff a second letter dated August 2, 2019 that again identified the balance of the debt as $217,657.60. However, Defendant's third letter, dated August 26, 2019, identified the balance of the debt as $218,727.01—$1,069.41 more than the balance listed in its previous two letters. Defendant's August 26, 2019 letter provides no explanation for the increased balance.

Plaintiff contends that Defendant's July 2, 2019 letter failed to meaningfully disclose the amount of the debt because it did not inform her that the balance was subject to increase due to accrued interest, fees, or other charges thus violating 15 U.S.C. § 1692g(a)(1). Plaintiff also contends that Defendant's July 2, 2019 and August 2, 2019 letters falsely represented that the balance was static thus violating 15 U.S.C. §§ 1692e(2)(A) and e(10).

**Defendant:**

Defendant denies liability under the FDCPA and liability generally. Defendant submits that the letters at issue are fully compliant with the requirements of the FDCPA, and they are not false, deceptive or misleading in any respect as alleged by Plaintiff. Defendant further asserts that the disclosure that Plaintiff alleged must be provided is not required to be provided by any express portion of the FDCPA, despite that the FDCPA requires debt collectors to provide numerous disclosures when interacting with consumers. As such, Defendant submits that Plaintiff's legal theory would require this Court to re-write the FDCPA.

Defendant further submits that any alleged violation of the FDCPA, which Defendant denies, was the product of a bona error and/or was not material in nature.

3.    **Plan for Alternative Dispute Resolution (ADR).**

    A.    The parties already have engaged in the following good faith efforts to resolve this matter: <u>The parties have engaged in informal settlement negotiations.</u>

    B.    Plaintiff will submit a written, good-faith settlement proposal to defendant by <u>August 21, 2020</u>. Defendant will make a written, good-faith counter-proposal by <u>August 28, 2020</u>. By <u>September 11, 2020</u>, unless the parties have jointly filed a notice stating whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation, each party will submit a confidential settlement report to the assigned magistrate judge.

        **Note:  In order to facilitate the ADR process, the court usually will require the parties to either complete their exchange of settlement proposals or file a joint notice of mediation within 30 days after the scheduling conference. But if more time is necessary due to the complexity of this particular case, <u>specific</u> reasons for the request must be provided so the court can make an informed judgment about whether to delay the parties' exchange of settlement proposals.**

    C.    The parties have agreed on the following ADR procedure, which will be accomplished by: <u>The parties are not inclined to agree to a mediation deadline at this time.</u>

4.    **Plan for Pre-Discovery Disclosures.** The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and submitted copies of their disclosures to chambers along with this report. In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures will be exchanged by <u>August 7, 2020</u>.

        **Note: Pursuant to Rule 26(a)(1)(C), the parties are required to serve their initial disclosures no later than 14 days after their Rule 26(f) planning conference. As indicated in the Initial Order Regarding Planning and Scheduling, copies of the parties' initial disclosures under Rule 26(a)(1)(A) must be emailed along with the parties' completed Rule 26(f) planning report. These disclosures will be discussed with the magistrate judge during the upcoming scheduling conference in finalizing a discovery and case plan that achieves the objectives of Rule 1. The parties should <u>not</u> submit to the court any documents identified or described in their Rule 26(a)(1)(A) initial disclosures.**

5.      **Plan for Discovery.** The parties jointly propose to the Court the following discovery plan:

      A.      Discovery is needed on the following specific subjects:

            1.      Defendant's business records, practices, and procedures;
            2.      Defendant's affirmative defenses;
            3.      Plaintiff's account; and
            4.      Plaintiff's damages.
.

           **Note: The parties should try to reach early stipulations about those matters that are <u>not</u> in dispute, to ensure that discovery, particularly involving ESI, is conducted only on those matters legitimately in dispute.**

           **Under the December 1, 2015 amendments to Fed. R. Civ. P. 26(b)(1), the parties in this case are entitled to obtain pretrial discovery regarding any nonprivileged matter *provided* it is (a) relevant to a party's claim or defense, <u>AND</u> (b) proportional to the needs of the case.  Under Rule 26(b)(1), whether any particular discovery request is proportional is to be determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.**

      B.      All discovery will be commenced or served in time to be completed by <u>January 15, 2021.</u>

           **Note: In the court's experience, discovery usually can be completed in 4-6 months. If more time is necessary due to the complexity of this case, <u>specific</u> reasons for the request must be provided.**

      C.      Discovery on (issue for early discovery) will be completed by <u>n/a.</u>

           **Note: The parties should consider whether any issues should be bifurcated, or whether a limited amount of highly focused discovery would enable them to participate in early mediation or present substantive issues on dispositive motions and in turn narrow the scope of remaining discovery.**

      D.      One or more of the parties anticipate the following problem(s) in discovery, which should be discussed with the court and, if possible, resolved at the scheduling conference: <u>None at this time.</u>

E.   Disclosure or discovery of electronically stored information (ESI) will be handled as follows:

The parties agree that ESI may be produced in native or PDF format.

**Note: The court requires that the parties directly address the issue of ESI instead of avoiding it. The parties are strongly encouraged to review the District of Kansas Guidelines for Cases Involving Electronically Stored Information [ESI], available on the court's website under "rules" at http://www.ksd.uscourts.gov/. The parties must confer and then decide on a reasonably specific protocol for retrieving and producing ESI. It is unacceptable for the parties to vaguely state in their planning report, for example, "that discovery of ESI will be conducted in accordance with the Fed. R. Civ. P." However, the parties may agree, for economic reasons or otherwise in a small case, that no discovery of ESI will be conducted or that any limited ESI that does exist will simply be printed out in hard copy form.**

F.   With regard to claims of privilege or of protection as trial-preparation material asserted after production, the parties have agreed to an order as follows:

If a producing party inadvertently or mistakenly produces information, documents or tangible items that should have been withheld on the basis of privilege or work-product protection, such production shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney–client privilege or work-product immunity, provided that the producing party promptly makes a good-faith representation that such production was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure upon its discovery. Within three (3) business days of receiving a written request to do so from the producing party, the receiving party shall return any documents or tangible items that the producing party represents are covered by a claim of attorney–client privilege or work-product immunity and were inadvertently or mistakenly produced.

The receiving party shall also destroy all copies or summaries of, or notes of, any such inadvertently or mistakenly produced information; provided, however, that such an order shall not preclude the party returning such information from making a motion to compel production of the returned information on a basis other than a waiver because of its inadvertent production. The producing party shall retain copies of all returned documents and tangible items for further disposition.

The parties request that their agreement be reflected in the Court's scheduling order.

5

**Note: The parties should be mindful that Fed. R. Civ. P. 26(b)(5)(B), which generally contemplates such things as "quick peek" and "clawback" agreements with regard to attorney-client privileged communications and trial-preparation materials, is <u>not</u> limited to ESI. Also, under Fed. R. Evid. 502, an agreement on the effect of a disclosure in a federal proceeding is binding <u>only</u> on the parties to the agreement <u>unless</u> that agreement also is incorporated into a court order; a federal court's order that a privilege or protection is not waived by disclosure is binding in other federal court <u>and</u> state court proceedings.**

G.     To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the following procedures have been agreed to by parties in this case:

  1.   The parties will attempt to resolve discovery disputes with a phone call and/or email correspondence between lead counsel prior to seeking court intervention.

  2.   Depositions will be taken by agreement and will be limited in number and length as set forth below.

  3.   Papers will be served by email on all counsel.

  4.   Documents will be produced on a rolling basis.

  **Note: The parties are strongly encouraged to consider using the so-called *Susman* agreements that are posted on the following website:**

  ***http://trialbyagreement.com/***

H.     There will be a maximum of <u>25</u> interrogatories, including all discrete subparts, served by any party on another party.

I.     There will be a maximum of <u>3</u> depositions taken by plaintiff and <u>3</u> by defendants. Each deposition will be limited to 7 hours.

J.     If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, will be served by Plaintiff by <u>November 6, 2020</u>, and by Defendant by <u>November 27, 2020</u>; disclosures and reports by any rebuttal experts will be served by <u>December 18, 2020</u>.

K.     The parties <u>agree</u> that physical or mental examinations pursuant Fed. R. Civ. P. 35 <u>are not</u> appropriate in this case. In any event, all Rule 35-examinations will be completed by <u>January 15, 2021</u>.

**Note: If the parties disagree about the need for or the scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties, the motion to be decided by the court, <u>and</u> for the examination to be conducted, all before the deadline expires.**

L.      Supplementations of disclosures under Fed. R. Civ. P. 26(e) will be served at such times and under such circumstances as required by that rule. In addition, supplemental Rule 26(a) disclosures will be served by <u>December 6, 2020</u>, and in any event 40 days before the deadline for completion of all discovery.

**Note:  Based on the investigation and discovery conducted as of that date, the supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial.**

M.      The parties <u>agree</u> that there <u>is</u> a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, they must confer and then submit a jointly proposed protective order by <u>August 14, 2020</u>. A jointly proposed protective order must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum by <u>August 21, 2020</u>.

Jointly proposed protective orders should be drafted in compliance with the guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/POGuidelinesOrder.pdf*

A pre-approved form of protective order can be downloaded from the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

*[The parties should discuss whether any departures from this pre-approved form order would be appropriate in this case and also be prepared to explain such proposed modifications during the scheduling conference with the magistrate judge.]*

N.      The parties <u>do</u> consent to electronic service of disclosures and discovery requests and responses. See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

**6.      Deadlines for Amendments and Potentially Dispositive Motions.**

A.      A motion to dismiss <u>is not</u> expected to be filed in this case, based on <u>Defendant's June 25, 2020 answer</u>. Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, insufficiency of process or service of process, failure to state a claim upon which relief can be granted, or the propriety of the parties, will be filed by <u>n/a</u>.

**Note: This deadline usually should be set 2-3 weeks after the scheduling conference. But to avoid cases getting bogged down with wasteful motion practice, during the planning conference, counsel should notify the opposing counsel or party of any defects in the pleadings that are plainly obvious <u>and</u> that could be easily cured with an amended pleading.**

B.      Any motion for leave to join additional parties or to otherwise amend the pleadings will be filed by <u>September 18, 2020.</u>

**Note: This deadline usually should be set 6-8 weeks after the scheduling conference.**

C.      Other dispositive motions (e.g., summary judgment) <u>are</u> expected to be filed in this case.  All such motions will be filed by <u>March 12, 2021</u>.

**Note: This deadline usually should be set approximately 2-4 weeks after the pretrial conference. The court will attempt to decide all dispositive motions, to the extent they've been timely filed and briefed without any extensions having been requested, approximately 60 days before trial.  But if the case is unusually complex, such that it would be more efficient to have a 90-120 day gap between dispositive-motion rulings and trial, the parties should explain why that would be appropriate here.**

D.      All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, will be filed by <u>April 9, 2021</u>.

**Note: Generally, most judges in the District of Kansas tend to defer setting the *Daubert* motion deadline until 30-45 days before trial (unless counsel agree that resolution of the case would be fostered by having such motions filed and decided earlier). If *Daubert* motions potentially would be**

dispositive of the entire case or even certain claims in the case (e.g., a challenge to a standard-of-care expert in a medical negligence case), then this deadline should be the same as the dispositive-motion deadline mentioned above. Counsel should be mindful that some judges in this district use a single deadline for dispositive motions and *Daubert* motions in <u>all</u> of their cases.

7.     **Other Items.**

A.     <u>The parties agree that principles of comparative fault do not apply to this case.</u> [By <u>n/a</u> , any party asserting comparative fault must identify all persons or entities whose fault is to be compared for purposes of <u>Kan</u>. <u>Stat</u>. <u>Ann</u>. § 60-258a (or any other similar  comparative fault statute that might be applicable). If another person or entity is so identified, then the party asserting comparative fault also must specify the nature of the fault which is claimed.]

**Note: This deadline, if applicable, usually should be set approximately 2 weeks before the deadline for filings motions to amend the pleadings.**

B.     The parties <u>do not request</u> a status conference before the pretrial conference, in order to discuss the following subjects: <u>n/a</u>

C.     The parties request that the Court hold a pretrial conference in <u>February 2021</u>.

**Note: The court generally schedules a pretrial conference approximately 2-3 weeks after the close of discovery and approximately 2-4 weeks before the dispositive-motion deadline. If the case remains at issue after all timely filed dispositive motions have been filed and decided (or if the parties announce that no dispositive motions will be filed), then the trial judge usually will conduct another pretrial conference within 30 days of trial.**

D.     <u>Plaintiff</u> has demanded a jury trial and requested a trial location of <u>Kansas City</u>. Trial is expected to take approximately 2-3 trial days.

E.     The parties <u>are not</u> prepared to consent to trial by a U.S. Magistrate Judge <u>at this time,</u> [or as a backup if the assigned U.S. District Judge determines that his or her schedule is unable to accommodate the scheduled trial date].

**Note: Magistrate judges may preside over civil jury trials upon the consent of the parties under 28 U.S.C. § 636(c). Parties consenting to trial by a U.S. Magistrate Judge must email the clerk's office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge." The form is located on the court's website under "forms" at http://www.ksd.uscourts.gov/.**

Dated: August 7, 2020

Respectfully submitted,

/s/ Anthony LaCroix
Anthony LaCroix
KS Bar No. 24279
1600 Genessee, Ste. 956
Kansas City MO 64102
Telephone:  (816) 399-4380
Fax:  (816) 399-4380
Email:  tony@lacroixlawkc.com
*Lead Counsel for Plaintiff*

*Co-counsel with Thompson Consumer Law Group*

**Correspondence Address:**

Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206

s/  Joshua C. Dickinson
Joshua C. Dickinson
Kersten L. Holzhueter
Spencer Fane, LLP
1000 Walnut Street
Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216
jdickinson@spencerfane.com
kholzhueter@spencerfane.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on August 7, 2020, I filed the foregoing document with the Court using CM/ECF.

/s/ Anthony LaCroix
Anthony LaCroix