# EXHIBIT "E"

EXHIBIT "E"

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ELIZABETH SHIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 2:20-cv-02205-HLT-GEB |
| | ) |
| PROFESSIONAL BUREAU OF | ) |
| COLLECTIONS OF MARYLAND, INC., | ) |
| | ) |
| Defendant. | ) |

### **DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Professional Bureau of Collections of Maryland, Inc. ("PBCM" or "Defendant") responds as follows to Plaintiff's First Set of Interrogatories. The responses made by Defendant are subject to, and without waiving or intending to waive, but on the contrary intending to reserve and reserving, all rights under the Federal Rules of Civil Procedure, including the right to object to any other discovery procedures involving or relating to the subject matter of Plaintiff's Interrogatories.

### **PRELIMINARY STATEMENT**

The following responses are based upon information presently available to Defendant which Defendant believes to be correct. Said responses are made without prejudice to Defendant's right to utilize subsequently discovered facts. Defendant reserves the right to supplement each and every specific response.

No incidental or implied admission of fact by Defendant is made by the responses below. The only admissions are express admissions. The fact that Defendant has responded to part or all of any interrogatory is not intended to be and shall not be construed to be a waiver by Defendant of all or any part of any objection to any interrogatory made by Plaintiff.

1

Defendant does not agree to Plaintiff's "Instructions and Definitions." The "Instructions and Definitions" seek to impose duties and obligations upon Defendant that are outside of the scope of the Federal Rules of Civil Procedure.

This Preliminary Statement is incorporated into each of the responses set forth below.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person answering or providing any information used to prepare Defendant's initial (or any subsequent) disclosures or respond to the operative complaint and Plaintiff's discovery requests.

**ANSWER:** Other than outside counsel, Samuel P. Shaefer, General Counsel and Chief Compliance Officer of PBCM, Inc., assisted with answering and providing information used to prepare Defendant's discovery responses.

**INTERROGATORY NO. 2:** Identify and describe all documents referred to, or consulted, in the preparation of Defendant's answer(s), Defendant's responses to Plaintiff's discovery requests, and Defendant's initial (or any subsequent) disclosures.

**ANSWER:** Pursuant to Fed. R. Civ. P. 33(d), Defendant will produce non-privileged responsive documents.

**INTERROGATORY NO. 3:** Identify and describe each document known to Defendant related to Plaintiff's account.

**ANSWER:** Defendant objects that this interrogatory seeks information that is irrelevant. This case is about a narrow issue: whether letters that Defendant sent to Plaintiff needed to include additional information about the accrual of interest or other charges. The

interrogatory seeks information far beyond the relevant scope (i.e. each document related to Plaintiff's account). Also, due to its breadth, this interrogatory seeks communications between Defendant and its counsel, which are protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Pursuant to Fed. R. Civ. P. 33(d), Defendant will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account.

**INTERROGATORY NO. 4:** Identify all persons who participated in Defendant's activities related to Plaintiff's account and briefly describe the extent of their participation.

**ANSWER:** Defendant objects that this interrogatory seeks information that is irrelevant. This case is about a narrow issue: whether letters that Defendant sent to Plaintiff needed to include additional information about the accrual of interest or other charges. The interrogatory seeks information far beyond the relevant scope (i.e. each person who participated in anyway related to Plaintiff's account).

**INTERROGATORY NO. 5:** Identify the date, time, and type (e.g., letter, telephone call), witnesses to and participants in, and the substance of each communication or contact, or attempted communication or contact, between Defendant and Plaintiff.

**ANSWER:** Defendant objects that this interrogatory seeks information that is irrelevant. This case is about a narrow issue: whether letters that Defendant sent to Plaintiff needed to include additional information about the accrual of interest or other charges. The interrogatory seeks information far beyond the relevant scope (i.e. each communication or attempted communication). Pursuant to Fed. R. Civ. P. 33(d), Defendant will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account.

**INTERROGATORY NO. 6:** Identify the date, time, and type (e.g., letter, telephone call), witnesses to and participants in, and the substance of each communication or contact, or attempted communication or contact, between Defendant and any third party, including any credit reporting agencies, related to Plaintiff's account.

**ANSWER:** Defendant objects that this interrogatory seeks information that is irrelevant. This case is about a narrow issue: whether letters that Defendant sent to Plaintiff needed to include additional information about the accrual of interest or other charges. The interrogatory seeks information far beyond the relevant scope (i.e. each communication or attempted communication between Defendant and any third party). Also, due to its breadth, this interrogatory seeks communications between Defendant and its counsel, which are protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Pursuant to Fed. R. Civ. P. 33(d), Defendant will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account.

**INTERROGATORY NO. 7:** For each document received by Defendant from the creditor of Plaintiff's account, produced in response to any Request for Production, identify the date on which Defendant first received each document.

**ANSWER:** Defendant objects that this interrogatory seeks information that is irrelevant. This case is about a narrow issue: whether letters that Defendant sent to Plaintiff needed to include additional information about the accrual of interest or other charges. The interrogatory seeks information far beyond the relevant scope (i.e. each document received from Plaintiff's creditor). Pursuant to Fed. R. Civ. P. 33(d), Defendant will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account.

**INTERROGATORY NO. 8:** Identify all agreements between Defendant and the creditor originating or owning Plaintiff's account by providing the date of the initial agreement and identifying the terms and/or conditions pursuant to which Defendant sought to collect Plaintiff's account.

**ANSWER:** Defendant objects that this interrogatory seeks information that is irrelevant. This case is about a narrow issue: whether letters that Defendant sent to Plaintiff needed to include additional information about the accrual of interest or other charges. The interrogatory seeks information far beyond the relevant scope. Pursuant to Fed. R. Civ. P. 33(d), Defendant will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account.

**INTERROGATORY NO. 9:** Has Defendant recorded any communications or conversations, or attempted communications or conversations, with Plaintiff and/or third parties in connection with Defendant's activity related to Plaintiff's account? If yes, has Defendant retained the recordings? If the recordings have not been maintained, please explain the reason for their disposal.

**ANSWER:** Defendant objects that this interrogatory seeks information that is irrelevant. This case is about a narrow issue: whether letters that Defendant sent to Plaintiff needed to include additional information about the accrual of interest or other charges. The interrogatory seeks information far beyond the relevant scope (i.e. all communications with Plaintiff and/or third-parties). Also, due to its breadth, this interrogatory seeks communications between Defendant and its counsel, which are protected from disclosure by the attorney-client privilege and attorney work-product doctrine.

Defendant does not have any recorded conversations with Plaintiff. Pursuant to Fed. R. Civ. P. 33(d), Defendant will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account.

**INTERROGATORY NO. 10:** At the time Plaintiff's account was assigned to Defendant for collection, please identify and describe the amount allegedly owed by Plaintiff on the debt, itemizing the principal balance, interest, and any other charges. With regard to interest and other charges, please describe the basis therefore and how such amount as calculated.

**ANSWER:** Pursuant to Fed. R. Civ. P. 33(d), Defendant will produce account documents responsive to this interrogatory.

**INTERROGATORY NO. 11:** Identify and describe the amount allegedly owed by Plaintiff on the account as of July 2, 2019, itemizing the principal balance, interest, and any other charges. With regard to interest and other charges, please describe the basis therefore and how such amount as calculated.

**ANSWER:** Pursuant to Fed. R. Civ. P. 33(d), Defendant will produce account documents responsive to this interrogatory.

**INTERROGATORY NO. 12:** Identify and describe the amount allegedly owed by Plaintiff on the account as of August 2, 2019, itemizing the principal balance, interest, and any other charges. With regard to interest and other charges, please describe the basis therefore and how such amount as calculated.

**ANSWER:** Pursuant to Fed. R. Civ. P. 33(d), Defendant will produce account documents responsive to this interrogatory.

**INTERROGATORY NO. 13:** Identify and describe the amount allegedly owed by Plaintiff on the account as of August 26, 2019, itemizing the principal balance, interest, and any other charges. With regard to interest and other charges, please describe the basis therefore and how such amount as calculated.

**ANSWER:** Pursuant to Fed. R. Civ. P. 33(d), Defendant will produce account documents responsive to this interrogatory.

**INTERROGATORY NO. 14:** Identify and describe the reason(s) the balance of the debt listed in Defendant's August 26, 2019 letter is $1,069.41 more than the balance of the debt listed in Defendant's July 2, 2019 and August 2, 2019 letters.

**ANSWER:** The balance in the August 26, 2019 letter was more than the balance in the July 2, 2019 and August 2, 2019 letters because the Department of Education applied accrued interest and collection costs and fees to Plaintiff's account on August 7, 2019. The increased balance was appropriately reflected on the August 26, 2019 letter.

**INTERROGATORY NO. 15:** Does Defendant contend that it committed any error in connection with the collection of Plaintiff's account? If so, identify and describe the error or errors.

**ANSWER:** At this time, Defendant does not believe it made any error in connection with the collection of Plaintiff's account.

**INTERROGATORY NO. 16:** Identify and describe all policies and procedures utilized and/or employed by Defendant in effort to avoid the error or errors described in the previous interrogatory, if any, and describe how any such policies or procedures have been implemented and maintained by Defendant.

**ANSWER:** At this time, Defendant does not believe it made any error in connection with the collection of Plaintiff's account.

**INTERROGATORY NO. 17:** Please state in detail the principal facts upon which Defendant relies for each affirmative defense included in Defendant's answer to Plaintiff's complaint.

**ANSWER:** Pursuant to Fed. R. Civ. P. 33(d), Defendant will produce documents responsive to this interrogatory.

**INTERROGATORY NO. 18:** With respect to interest accruing on the debt, identify the rate of interest, the balance which is accruing interest, from what date interest began to accrue on such balance, and the manner in which interest is calculated (simple, compound, etc.).

**ANSWER:** Pursuant to Fed. R. Civ. P. 33(d), Defendant will produce documents responsive to this interrogatory.

        SPENCER FANE LLP

By: s/ Joshua C. Dickinson
    Joshua C. Dickinson    KS Bar No. 20632
    Kersten L. Holzhueter    KS Bar No. 24885
    1000 Walnut, Suite 1400
    Kansas City, MO 64106
    Telephone: (816) 474-8100
    Facsimile: (816) 474-3216
    E-mail: jdickinson@spencerfane.com
        kholzhueter@spencerfane.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing was served on Plaintiff via e-mail transmission on the 30th day of September, 2020, addressed to her attorney as follows:

    Anthony E. LaCroix, tony@lacroixlawkc.com

        s/ Joshua C. Dickinson

OM 569418.1

## VERIFICATION

I, __SAMUEL SHAEFER__, under the penalties of perjury, state as follows: I am authorized to make this verification on behalf of Professional Bureau of Collections of Maryland, Inc. I have read the foregoing Answers to Plaintiff's First Set of Interrogatories, know the contents, and the facts contained in them are true to the best of my knowledge and belief.

Date: __9-30-2020__

Name: __SAMUEL P. SHAEFER__
Authorized Representative of Professional Bureau of Collections of Maryland, Inc.

OM 569418.1