# EXHIBIT "G"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ELIZABETH SHIELDS,          )
                                    )
        Plaintiff,         )
                                    )
vs.                              )     Case No. 2:20-cv-02205-HLT-GEB
                                    )
PROFESSIONAL BUREAU OF     )
COLLECTIONS OF MARYLAND, INC.,  )
                                    )
        Defendant.       )

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Defendant Professional Bureau of Collections of Maryland, Inc. ("PBCM" or "Defendant") responds as follows to Plaintiff's First Set of Requests for Production. The responses made by Defendant are subject to, and without waiving or intending to waive, but on the contrary intending to reserve and reserving, all rights under the Federal Rules of Civil Procedure, including the right to object to any other discovery procedures involving or relating to the subject matter of Plaintiff's Requests for Production.

## PRELIMINARY STATEMENT

The following responses are based upon information presently available to Defendant which Defendant believes to be correct. Said responses are made without prejudice to Defendant's right to utilize subsequently discovered facts. Defendant reserves the right to supplement each and every specific response.

No incidental or implied admission of fact by Defendant is made by the responses below. The only admissions are express admissions. The fact that Defendant has responded to part or all of any request is not intended to be and shall not be construed to be a waiver by Defendant of all or any part of any objection to any request made by Plaintiff.

1

Defendant does not agree to Plaintiff's "Instructions and Definitions," which render the Requests for Production of Documents too burdensome, overly broad, and vague, inter alia. The Instructions and Definitions seek to impose duties and obligations upon Defendant that are outside of the scope of the Federal Rules of Civil Procedure.

This Preliminary Statement is incorporated into each of the responses set forth below.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**    Any and all "account notes" as defined above.

**RESPONSE:** Defendant objects that this request seeks information that is irrelevant. This case is about a narrow issue: whether letters that Defendant sent to Plaintiff needed to include additional information about the accrual of interest or other charges. The request seeks documents far beyond the relevant scope. It also seeks communications between Defendant and its counsel, which are protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Defendant will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account.

**REQUEST NO. 2:**    All documents Defendant sent to or received from Plaintiff.

**RESPONSE:** Defendant will produce responsive documents in its possession, custody, or control.

**REQUEST NO. 3:**    All documents Defendant sent to or received from any other person, including the creditor and any credit reporting agencies, mentioning Plaintiff or related to the collection of Plaintiff's account.

2

**RESPONSE:** Defendant objects that this request seeks information that is irrelevant. This case is about a narrow issue: whether letters that Defendant sent to Plaintiff needed to include additional information about the accrual of interest or other charges.  The request seeks documents far beyond the relevant scope.  It also seeks communications between Defendant and its counsel, which are protected from disclosure by the attorney-client privilege and attorney work-product doctrine.  Defendant will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account.

**REQUEST NO. 4:**    All recordings, copies, transcriptions, or productions, or other documents fixated in any medium, of communications or conversations, or attempted communications or conversations, between Defendant and Plaintiff.

**RESPONSE:**  Defendant does not have responsive documents.

**REQUEST NO. 5:**    All recordings, copies, transcriptions, or productions, or other documents fixated in any medium, of communications or conversations, or attempted communications or conversations, between Defendant and any other person related to Plaintiff's account.

**RESPONSE:** Defendant objects that this request seeks information that is irrelevant. This case is about a narrow issue: whether letters that Defendant sent to Plaintiff needed to include additional information about the accrual of interest or other charges.  The request seeks documents far beyond the relevant scope.  It also seeks communications between Defendant and its counsel, which are protected from disclosure by the attorney-client privilege and attorney

OM 569420.1

work-product doctrine.  Defendant will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account.


**REQUEST NO. 6:**    All other documents relating to Plaintiff's account, including all documents that contain Plaintiff's name, address, telephone number, account number, or any other information which is personally identifiable to Plaintiff.

**RESPONSE:** Defendant objects that this request seeks information that is irrelevant. This case is about a narrow issue: whether letters that Defendant sent to Plaintiff needed to include additional information about the accrual of interest or other charges.  The request seeks documents far beyond the relevant scope.  It also seeks communications between Defendant and its counsel, which are protected from disclosure by the attorney-client privilege and attorney work-product doctrine.  Defendant will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account.


**REQUEST NO. 7:**    All documents memorializing or otherwise relating to the terms, conditions, and/or other agreements made by Defendant related to the collection Plaintiff's account, including but not limited to Defendant's agreement with the creditor of Plaintiff's account, and any agreement with any credit reporting agencies.

**RESPONSE:** Defendant objects that this request seeks information that is irrelevant. This case is about a narrow issue: whether letters that Defendant sent to Plaintiff needed to include additional information about the accrual of interest or other charges.  The request seeks documents far beyond the relevant scope.  It also seeks communications between Defendant and its counsel, which are protected from disclosure by the attorney-client privilege and attorney

4

work-product doctrine.  Defendant will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account.


**REQUEST NO. 8:**    All documents related to any error that Defendant made, if any, in connection with the collection of Plaintiff's account.

**RESPONSE:** At this time, Defendant does not believe it made any error in connection with the collection of Plaintiff's account.  Defendant reserves the right to supplement this answer as discovery is ongoing.


**REQUEST NO. 9:**    All documents related to any policies and/or procedures utilized by Defendant in effort to avoid the error or errors referenced in the previous request, and all documents related to how such policies or procedures are implemented and maintained.

**RESPONSE:** At this time, Defendant does not believe it made any error in connection with the collection of Plaintiff's account.  Defendant reserves the right to supplement this answer as discovery is ongoing.


**REQUEST NO. 10:**  Any and all documents referred to by Defendant in its Rule 26 disclosures, or identified in response to any of Plaintiff's interrogatories, and not previously disclosed and not disclosed in response to any other request for production.

**RESPONSE:** Defendant will produce responsive documents in its possession, custody, or control.

SPENCER FANE LLP

By: s/ Joshua C. Dickinson
       Joshua C. Dickinson     KS Bar No. 20632
       Kersten L. Holzhueter    KS Bar No. 24885
       1000 Walnut, Suite 1400
       Kansas City, MO 64106
       Telephone: (816) 474-8100
       Facsimile: (816) 474-3216
       E-mail: jdickinson@spencerfane.com
                kholzhueter@spencerfane.com

       ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on Plaintiff via e-mail transmission on the 30th day of September, 2020, addressed to her attorney as follows:

Anthony E. LaCroix, tony@lacroixlawkc.com

s/ Joshua C. Dickinson

6

OM 569420.1