# EXHIBIT "I"

# Thompson Consumer Law Group, PC

5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Thompsonconsumerlaw.com

Toll Free: 888-595-9111
Facsimile: 866-317-2674

LaCroix Law Firm, LLC*
TLaCroix@ConsumerLawInfo.com

1600 Genessee, Ste. 956
Kansas City, MO 64102

October 13, 2020

Sent via electronic email to: jdickinson@spencerfane.com

RE:    **Shields, Elizabeth v. Professional Bureau of Collections of Maryland, Inc.**
United States District Court for the District of Kansas
Case No.: 2:20-cv-02205-HLT-GEB

Counsel,

We have reviewed Professional Bureau of Collections of Maryland, Inc.'s ("Defendant") responses to Plaintiff's first set of discovery requests.  This letter is Plaintiff's attempt to meet-and-confer pursuant to Fed. R. Civ. Pro. 37 with Defendant and to explain in greater detail how and why Defendant must supplement some of its responses.

The Federal Rules are designed to require the free flow of information and to ensure the efficiency and fairness of proceedings and for the purpose of ascertaining the truth.  Fed R. Civ. Pro 1. Some of your client's answers suggest that these objections were aimed solely at preventing the discovery of new information or otherwise slowing the progress of these proceedings, in contravention of the purposes of the Federal Rules.  In an effort to facilitate this process, Plaintiff will specifically address the issues with Defendant's deficient responses below.

## Defendant's Answers to Plaintiff's First Set of Interrogatories

**Interrogatory No. 6** asks Defendant to identify the date, time, and type, witnesses to and participants in, and the substance of each communication or contact, or attempted communication or contact, between Defendant and any third party, related to Plaintiff's account. Defendant objects that the information requested is "far beyond the relevant scope" and asserts that the "narrow issue" is "whether letters that Defendant sent to Plaintiff needed to include additional information about the the about the accrual of interest or other charges." However, the answer to this legal question is dependent on the requested information. Production of this information will likely shed light on whether and when Defendant first knew that interest and collection charges were accruing on the account. Therefore, this objection lacks merit as the requested information is highly relevant to Plaintiff's claims. Defendant also objects that the request seeks information protected by attorney-client privilege. If Defendant still believes that the requested information is subject to attorney-client privilege, please produce a privilege log so Plaintiff may properly assess Defendant's objection. Defendant then answers that it "will produce letters sent to Plaintiff and information related to the accrual of Plaintiff's account." Plaintiff has examined the 17 pages of documents produced by

*Co-Counsel with Thompson Consumer Law Group, PC
**Licensed in Kansas and Missouri

Defendant and none are responsive to this request. Therefore, Defendant's answer is inadequate. Please supplement. In order to simplify and narrow the scope of this request, Plaintiff specifies that Defendant provide the requested information as it relates to communications or contact *between Defendant and the creditor of Plaintiff's account.*

**Interrogatory No. 8** asks Defendant to identify all agreements between itself and the creditor of Plaintiff's account by providing the date of the initial agreement and identifying the terms and/or conditions pursuant to which Defendant sought to collect Plaintiff's account. Defendant objects that the information requested is "far beyond the relevant scope" and asserts that the "narrow issue" is "whether letters that Defendant sent to Plaintiff needed to include additional information about the about the accrual of interest or other charges." However, the answer to this legal question is dependent on the requested information. Production of this information will likely shed light on whether and when Defendant first knew that interest and collection charges were accruing on the account, and the terms pursuant to which Defendant sought to collect the account, including the collection costs that Defendant claims the creditor added to the account on August 7, 2019, *see* Defendant's answer to **Interrogatory No. 14**. Therefore, this objection lacks merit as the requested information is highly relevant to Plaintiff's claims. Defendant then answers that it "will produce letters sent to Plaintiff and information related to the accrual of Plaintiff's account." Plaintiff has examined the 17 pages of documents produced by Defendant and none are responsive to this request. Therefore, Defendant's answer is inadequate. Please supplement.

**Interrogatory No. 10** asks Defendant to identify and describe the amount allegedly owed by Plaintiff on the account at the time it was assigned to Defendant for collection, itemizing the principal balance, interest, and any other charges, and to describe the basis for and how interest and other charges were calculated. Defendant answers that it "will produce account documents responsive to this interrogatory." Plaintiff has examined the 17 pages of documents produced by Defendant and none are responsive to this request, nor do any confirm or otherwise evidence that the Department of Education added interest and collection costs to the account on August 7, 2019, *see* Defendant's answer to **Interrogatory No. 14**. Therefore, Defendant's answer is inadequate. Please supplement.

**Interrogatory No. 11** asks Defendant to identify and describe the amount allegedly owed by Plaintiff on the account as of July 2, 2019, itemizing the principal balance, interest, and any other charges, and to describe the basis for and how interest and other charges were calculated. Defendant answers that it "will produce account documents responsive to this interrogatory." Plaintiff has examined the 17 pages of documents produced by Defendant and none are responsive to this request, nor do any confirm or otherwise evidence that the Department of Education added interest and collection costs to the account on August 7, 2019, *see* Defendant's answer to **Interrogatory No. 14**. Therefore, Defendant's answer is inadequate. Please supplement.

**Interrogatory No. 12** asks Defendant to identify and describe the amount allegedly owed by Plaintiff on the account as of August 2, 2019, itemizing the principal balance, interest, and any other charges, and to describe the basis for and how interest and other charges were calculated. Defendant answers that it "will produce account documents responsive to this interrogatory." Plaintiff has

examined the 17 pages of documents produced by Defendant and none are responsive to this request, nor do any confirm or otherwise evidence that the Department of Education added interest and collection costs to the account on August 7, 2019, *see* Defendant's answer to **Interrogatory No. 14**. Therefore, Defendant's answer is inadequate. Please supplement.

**Interrogatory No. 13** asks Defendant to identify and describe the amount allegedly owed by Plaintiff on the account as of August 26, 2019, itemizing the principal balance, interest, and any other charges, and to describe the basis for and how interest and other charges were calculated. Defendant answers that it "will produce account documents responsive to this interrogatory." Plaintiff has examined the 17 pages of documents produced by Defendant and none are responsive to this request, nor do any confirm or otherwise evidence that the Department of Education added interest and collection costs to the account on August 7, 2019, *see* Defendant's answer to **Interrogatory No. 14**. Therefore, Defendant's answer is inadequate. Please supplement.

**Interrogatory No. 17** asks Defendant to state in detail the principal facts upon which it relies for each affirmative defense included in Defendant's answer to Plaintiff's complaint. Defendant answers that it "will produce account documents responsive to this interrogatory." Plaintiff has examined the 17 pages of documents produced by Defendant and none are responsive to this request, nor do any confirm or otherwise evidence that the Department of Education added interest and collection costs to the account on August 7, 2019, *see* Defendant's answer to **Interrogatory No. 14**. Therefore, Defendant's answer is inadequate. Please supplement or confirm Defendant is waiving each of its asserted affirmative defenses.

**Interrogatory No. 18** asks Defendant to identify the rate of interest on the debt, the balance which is accruing interest, from what date interest began to accrue on such balance, and the manner in which interest is calculated (simple, compound, etc.). Defendant answers that it "will produce account documents responsive to this interrogatory." Plaintiff has examined the 17 pages of documents produced by Defendant and none are responsive to this request, nor do any confirm or otherwise evidence that the Department of Education added interest and collection costs to the account on August 7, 2019, *see* Defendant's answer to **Interrogatory No. 14**. Therefore, Defendant's answer is inadequate. Please supplement.

<u>**Defendant's Responses to Plaintiff's First Set of Requests for Production**</u>

**Request for Production ("RFP") No. 1** requests any and all account notes relating to Plaintiff's account. Defendant objects that the information requested is "far beyond the relevant scope" and asserts that the "narrow issue" is "whether letters that Defendant sent to Plaintiff needed to include additional information about the about the accrual of interest or other charges." However, production of the account notes will likely shed light on relevant information relating to the balance of the account, including when the account was placed with Defendant for collection, when interest began to accruing and at what rate, the balance of the account on July 2, 2019, August 2, 2019, August 26, 2019, and how collection charges were calculated. Therefore, this objection lacks merit as the requested information is highly relevant to Plaintiff's claims. Defendant also objects that the request seeks information protected by attorney-client privilege. If Defendant still believes that the

requested information is subject to attorney-client privilege, please produce a privilege log so Plaintiff may properly assess Defendant's objection. Defendant then responds that it "will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account." Plaintiff has examined the 17 pages of documents produced by Defendant and none are responsive to this request, nor do any confirm or otherwise evidence that the Department of Education added interest and collection costs to the account on August 7, 2019, *see* Defendant's answer to **Interrogatory No. 14**. Therefore, Defendant's response is inadequate. Please supplement.

     **RFP No. 3** requests all documents sent to or received from any other third parties, including the creditor, mentioning Plaintiff or related to the collection of Plaintiff's account. Defendant objects that the information requested is "far beyond the relevant scope" and asserts that the "narrow issue" is "whether letters that Defendant sent to Plaintiff to include additional information about the about the accrual of interest or other charges." However, production of these documents, especially any sent to or received from the creditor, will likely shed light on relevant information relating to the balance of the account, including when the account was placed with Defendant for collection, when interest began accruing and at what rate, the balance of the account on July 2, 2019, August 2, 2019, August 26, 2019, and how collection charges were calculated. Therefore, this objection lacks merit as the requested information is highly relevant to Plaintiff's claims. Defendant also objects that the request seeks information protected by attorney-client privilege. If Defendant still believes that the requested information is subject to attorney-client privilege, please produce a privilege log so Plaintiff may properly assess Defendant's objection. Defendant then responds that it "will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account." In addition, Defendant's answer to **Interrogatory No. 14** states that the "balance in the August 26, 2019 letter was more than the balance in the July 2, 2019 and August 2, 2019 letters because the Department of Education applied accrued interest and collection costs and fees to Plaintiff's account on August 7, 2019." Plaintiff has examined the 17 pages of documents produced by Defendant and none provide any information related to the accrual of interest on Plaintiff's account nor do any confirm or otherwise evidence that the Department of Education added interest and collection costs to the account on August 7, 2019. Therefore, Defendant's response is inadequate. Please supplement. In order to simplify and narrow the scope of this request, Plaintiff specifies that Defendant produce the requested documents, related to Plaintiff's account, sent to or received by Defendant from *the creditor of Plaintiff's account.*

     **RFP No. 5** requests recordings, copies, transcriptions, or productions, or other documents fixated in any medium, of communications or conversations, or attempted communications or conversations between Defendant and any other person related to Plaintiff's account. Defendant objects that the information requested is "far beyond the relevant scope" and asserts that the "narrow issue" is "whether letters that Defendant sent to Plaintiff needed to include additional information about the about the accrual of interest or other charges." However, production of the requested communications, especially any between the creditor and Defendant relating to Plaintiff's account, will likely shed light on relevant information relating to the balance of the account, including when the account was placed with Defendant for collection, when interest began accruing and at what rate, the balance of the account on July 2, 2019, August 2, 2019, August 26, 2019, and how collection charges were calculated. Therefore, this objection lacks merit as the requested information

is highly relevant to Plaintiff's claims. Defendant also objects that the request seeks information protected by attorney-client privilege. If Defendant still believes that the requested information is subject to attorney-client privilege, please produce a privilege log so Plaintiff may properly assess Defendant's objection. Defendant then responds that it "will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account." In addition, Defendant's answer to **Interrogatory No. 14** states that the "balance in the August 26, 2019 letter was more than the balance in the July 2, 2019 and August 2, 2019 letters because the Department of Education applied accrued interest and collection costs and fees to Plaintiff's account on August 7, 2019." Plaintiff has examined the 17 pages of documents produced by Defendant and none provide any information related to the accrual of interest on Plaintiff's account nor do any confirm or otherwise evidence that the Department of Education added interest and collection costs to the account on August 7, 2019. Therefore, Defendant's response is inadequate. Please supplement. In order to simplify and narrow the scope of this request, Plaintiff specifies that Defendant produce the requested documents, related to Plaintiff's account, between Defendant and *the creditor of Plaintiff's account.*

**RFP No. 6** requests all documents relating to Plaintiff's account. Defendant objects that the information requested is "far beyond the relevant scope" and asserts that the "narrow issue" is "whether letters that Defendant sent to Plaintiff needed to include additional information about the about the accrual of interest or other charges." However, production of documents relating to Plaintiff's account will likely shed light on relevant information relating to the balance of the account, including when the account was placed with Defendant for collection, when interest began accruing and at what rate, the balance of the account on July 2, 2019, August 2, 2019, August 26, 2019, and how collection charges were calculated. Therefore, this objection lacks merit as the requested information is highly relevant to Plaintiff's claims. Defendant also objects that the request seeks information protected by attorney-client privilege. If Defendant still believes that the requested information is subject to attorney-client privilege, please produce a privilege log so Plaintiff may properly assess Defendant's objection. Defendant then responds that it "will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account." In addition, Defendant's answer to **Interrogatory No. 14** states that the "balance in the August 26, 2019 letter was more than the balance in the July 2, 2019 and August 2, 2019 letters because the Department of Education applied accrued interest and collection costs and fees to Plaintiff's account on August 7, 2019." Plaintiff has examined the 17 pages of documents produced by Defendant and none provide any information related to the accrual of interest on Plaintiff's account nor do any confirm or otherwise evidence that the Department of Education added interest and collection costs to the account on August 7, 2019. Therefore, Defendant's response is inadequate. Please supplement.

**RFP No. 7** requests all agreements made by Defendant related to the collection of Plaintiff's account, including Defendant's agreement with the creditor of Plaintiff's account. Defendant objects that the information requested is "far beyond the relevant scope" and asserts that the "narrow issue" is "whether letters that Defendant sent to Plaintiff needed to include additional information about the about the accrual of interest or other charges." However, production of this information will likely shed light on whether and when Defendant first knew that interest and collection charges were accruing on the account, and the terms pursuant to which Defendant sought to collect the

account, including the collection costs that Defendant claims the creditor added to the account on August 7, 2019, *see* Defendant's answer to **Interrogatory No. 14**. Therefore, this objection lacks merit as the requested information is highly relevant to Plaintiff's claims. Defendant also objects that the request seeks information protected by attorney-client privilege. If Defendant still believes that the requested information is subject to attorney-client privilege, please produce a privilege log so Plaintiff may properly assess Defendant's objection. Defendant then responds that it "will produce letters sent to Plaintiff and information related to the accrual of Plaintiff's account." Plaintiff has examined the 17 pages of documents produced by Defendant and none provide any information related to the accrual of interest on Plaintiff's account nor do any confirm or otherwise evidence that the Department of Education added interest and collection costs to the account on August 7, 2019. Therefore, Defendant's response is inadequate. Please supplement. In order to simplify and narrow the scope of this request, Plaintiff specifies that Defendant produce the requested documents, related to Plaintiff's account, between Defendant and *the creditor of Plaintiff's account.*

## Conclusion

In conclusion, Defendant has failed to provide meaningful responses to most of Plaintiff's discovery requests, as noted above. The information sought is relevant to the issues at hand, and is not burdensome for Defendant to provide. Defendant cannot reasonably object to basic discovery requests designed to elicit information relevant to Plaintiff's claims. To the extent Defendant wishes to raise evidentiary objections before the Court on admissibility, Defendant is well within its rights to do so at trial. However, at the present time, in this discovery phase, such objections are premature.

We look forward to receiving amended answers and copies of the documents requested from you within **seven (7) days**, to avoid the need for further action to compel disclosure pursuant to Rule 37.

Best regards,

Tony LaCroix**
Attorney at Law