# EXHIBIT "K"

EXHIBIT "K"



JOSHUA C. DICKINSON
DIRECT DIAL: 402.547.5519
jdickinson@spencerfane.com

File No. 5025025-0003

October 23, 2020

**VIA E-MAIL ONLY:** **TLACROIX@CONSUMERLAWINFO.COM**
**ARINKLEIB@THOMPSONCONSUMERLAW.COM**

Tony LaCroix
Amorette Rinkleib
Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206

RE:   Elizabeth Shields v. Professional Bureau of Collections of Maryland, Inc.
      U.S. District Court-Kansas; 2:20-cv-02205

Dear Tony and Amorette:

Before addressing the substance of your October 13, 2020 Rule 37 letter, Defendant has attached to the transmittal email a proposed stipulation of facts that Defendant believes could form the basis of cross-motions for summary judgment based upon an agreed record. As discussed further below, this process was discussed with the Court at the planning conference as the manner in which the case would most efficiently proceed. It is Defendant's hope that the parties can negotiate and finalize this stipulation, and thus moot any discovery disputes between the parties. Please review and advise if the stipulations therein are acceptable, or if you have edits/additions.

Also attached are targeted discovery directed to Plaintiff. The discovery is meant only as a backup to the stipulation. Meaning, if the parties can successfully negotiate the stipulated facts for SJ, there will be no need for Plaintiff to respond to this discovery.

Regarding your golden rule letter, as an overarching matter, we stand by our objections that the requested discovery is overly broad, unduly burdensome, and not proportional to the needs of this case under Rule 1 of the Federal Rules of Civil Procedure. The sole issue in this case is whether Defendant's letters misled Plaintiff by not disclosing the existence of accruing interest. This is a legal dispute. The letters say what they say. Either the letters violate the FDCPA or they do not (and Defendant obviously believes they do not).

Likewise, this is a case where the maximum amount of statutory damages available is $1,000 under 15 U.S.C. § 1692k. The discovery itself was overly broad and disproportionate to the needs of the case, but then to receive a six-page, single spaced golden rule offering stock complaints about each discovery response presses this case further beyond the discovery needs and norms of a single-plaintiff FDCPA dispute over a legal issue in a letter.

Perhaps most concerning is that the discovery and discovery disputes asserted by Plaintiff seem wholly inconsistent with the discussions and representations made to the Court at the planning conference. On August 14, 2020, Tony and I appeared in front of Judge Birzer for the scheduling conference. During

OM 441213.1

SPENCER FANE LLP  |  13520 CALIFORNIA STREET, SUITE 290, OMAHA, NE 68154-5254  |  402.965.8600  |  FAX 402.965.8601  |  spencerfane.com



discussions with the Court about the case, both lawyers agreed that this case presented a purely legal dispute as to whether Defendant's letters needed to have what I refer to as a "McCalla" type disclosure. We both represented that if the case could not be settled, the case could be decided as a matter of law because the only necessary record needed for determining whether the letters violate the FDCPA are the letters themselves.

Indeed, the Judge accepted this position from the lawyers, and stated in her order: "After review of the parties' Planning Report and discussion with counsel during the conference, the Court accepts the parties' representation that, due to the unique nature of this case, minimal discovery is necessary given the likelihood this case can be resolved within the next thirty days, and if not, the likelihood this case can be resolved via dispositive motions."

After that statement, the Court then set only a schedule for settlement discussions and then briefing for cross motions for summary judgment. She did not even discuss or set deadlines for discovery given the parties representations to the Court that this was purely a legal dispute.[1]

While we were initially surprised to see the broad discovery initiated by Plaintiff—which we felt went beyond "minimal discovery"—we nonetheless responded in good faith and produced documents relevant to the legal claim framed in the pleadings. However, the broad based additional information you are seeking via your golden rule letter now clearly place discovery beyond that contemplated by the parties or the Court.

That all said, I would prefer to avoid expending additional resources on a broad ranging discovery dispute. If there is something specific and focused that is needed to support a relevant fact for the parties' summary judgment record, then please explain concisely what is needed and why. Perhaps a call between counsel may be more productive than a lengthy letter exchange? Also, please note that general service agreements terms between private collection agencies and the Department of Education are open to public. https://studentaid.gov/manage-loans/default/collections.

In any event, our goal remains to present the merits of this legal issue to the Court in the most efficient manner possible for all parties.

Very truly yours,

*s/ Joshua C. Dickinson*

Joshua C. Dickinson

JCD/jh

---

[1] I have not ordered the transcript of the conference, but the Court's Order is consistent with my memory and notes of statements made by both attorneys.