IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ELIZABETH SHIELDS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 2:20-cv-02205-HLT-GEB |
| | ) |
| PROFESSIONAL BUREAU OF | ) |
| COLLECTIONS OF MARYLAND, INC., | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Defendant Professional Bureau of Collections of Maryland, Inc. ("Defendant") responds to Plaintiff's Motion to Compel Discovery (Docs. 20-21) as follows:

**I.    STATEMENT OF THE NATURE OF THE MATTER BEFORE THE COURT**

This untimely motion frames a bait and switch perpetrated by Plaintiff on both Defendant and this Court. Under the guise of complaining about alleged inadequate discovery responses to clearly overly broad discovery requests, Plaintiff glosses over that she has represented to this Court that this is a very simple matter, with low stakes, that could be resolved with minimal discovery, and could be resolved through cross motions for summary judgment on an agreed record.

Indeed, on August 14, 2020, counsel for both parties appeared before Judge Birzer for the scheduling conference. During discussions with the Court about the nature and merits of the case, both lawyers agreed that this case presented a purely legal dispute as to whether Defendant's letters violated the FDCPA by failing to include what is commonly referred to as a "McCalla" disclosure.[1]

---

[1] In Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872 (7th Cir. 2000), the Seventh Circuit held "that the following statement satisfies the debt collector's duty to state the amount of the debt in cases like this where the amount varies from day to day: 'As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write

1    OM 581998.1

Both counsel represented that if the case could not be settled, the case could be decided as a matter of law because the only necessary record needed for determining whether the letters violate the FDCPA are the letters themselves. Judge Birzer accepted this position from both attorneys, and stated in her order: "After review of the parties' Planning Report and discussion with counsel during the conference, the Court accepts the parties' representation that, due to the unique nature of this case, minimal discovery is necessary given the likelihood this case can be resolved within the next thirty days, and if not, the likelihood this case can be resolved via dispositive motions." (Doc. 13). After that statement, the Court then set only a schedule for settlement discussions and briefing for cross motions for summary judgment. The Court did not even set deadlines for discovery. This is consistent with the parties' representations to the Court that this was a legal dispute, not a factual one.

At no point did Plaintiff approach Defendant or the Court and state that the nature of this case had changed since the representations made to the Court on August 14, 2020. At no point has Plaintiff sought to amend her pleadings to add legal theories beyond the singular legal theory presented concerning the lack of legal disclosure regarding accruing interest. As such, any discovery in this case must be examined as to whether it is "minimal" and targeted to the singular legal theory framed in the Complaint.

The discovery and subsequent demands from Plaintiff have been anything but.

On August 3, 2020, Plaintiff served upon Defendant 18 interrogatories, 14 requests for admission, and 10 requests for production of documents. Defendant was certainly surprised at the breadth of the discovery requests, but Defendant nonetheless responded in good faith with documents and responses germane to the legal issue in the case. Defendant also interposed

---

the undersigned or call 1-800-[phone number].'" 214 F.3d at 876. The court explained this disclosure was not required, but use of the disclosure will comply with the FDCPA as a matter of law. Id.

appropriate objections. Defendant then conferred in good faith with counsel concerning additional demands, and indeed, supplemented with additional information. However, it became apparent that Plaintiff would continue to seek discovery far beyond the scope of the case.

## II.  QUESTIONS PRESENTED

Must Defendant further supplement its discovery responses to Plaintiff's unduly and disproportionally burdensome discovery requests in light of: (1) the singular nature of the alleged violation of FDCPA; (2) the low dollar amount at issue; and (3) Plaintiff's failure to timely bring this motion under this Court's clear Local Rules?

Defendant's proposed answer: a resounding "no."

## III.  STATEMENT OF FACTS

Defendant does not dispute the facts stated by Plaintiff with the following exceptions.

12.     Defendant admits that its counsel sent the letter in question, but the contents of the letter speak for themselves.

In addition, Defendant states these additional facts:

1.      On October 23, 2020, Defendant served upon Plaintiff targeted discovery requests consisting of a total of four questions/requests, all narrowly focused on Plaintiff's knowledge of accruing interest on her student loan debt. A true and accurate copy of the discovery requests is attached as Exhibit 1.

2.      In the cover email of October 23, 2020, Defendant also attached a proposed stipulation of facts to facilitate the anticipated cross-motions for summary judgment. See Plaintiff's Exhibit K. To date, Plaintiff has not responded to the proposed stipulated facts.

3.      With respect to the discovery tendered, Defendant stated: "[t]he discovery is meant only as a backup to the stipulation. Meaning, if the parties can successfully negotiate the stipulated facts for SJ, there will be no need for Plaintiff to respond to this discovery."

4. On November 23, 2020, Plaintiff tendered responses and refused to answer any of the four discovery requests made on the basis of "relevancy." A true and accurate copy of the discovery responses are attached as Exhibit 2.

5. On December 22, 2020, Defendant sent a "golden rule" communication noting deficiencies and requesting supplementation. A true and correct copy of the email is attached as Exhibit 3.

6. Plaintiff requested an extension to "supplement" her responses until December 31, 2020, which Defendant not only agreed to, but offered additional time given the holiday season. A true and accurate copy of the email exchange is attached as Exhibit 4. No supplement has been tendered yet, but such supplement is expected.

## IV.  ARGUMENT

### A.  PROCEDURAL REQUIREMENTS OF THIS COURT'S LOCAL RULES BEFORE A MOTION TO COMPEL DISCOVERY MAY BE FILED[2]

#### 1.  Plaintiff's Motion is Untimely Under the Court's Local Rule, and All Issues Herein Have Been Waived

This motion is tardy by over 40 days. Local Rule 37.1 provides that: "Time for Filing Motions. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause. Otherwise, the objection to the default, response, answer, or objection is waived."

Here, the discovery responses complained of in this motion were served on Plaintiff on September 30, 2020. Exhibits E, F, and G to Plaintiff's Motion. The motion was filed on

---

[2] In addition to a failure to comply with Local Rule 37.1, Plaintiff has also failed to comply with Local Rule 7.6, establishing the structure for briefs before this Court. Plaintiff failed to include Sections 1 or 3 in that her brief fails to contain "a statement of the nature of the matter before the court" or "a statement of the question or questions presented."

December 9, 2020.  Plaintiff's motion herein was due on or before October 30, 2020.  Plaintiff fails to explain why she has filed this motion 40 days past her deadline in contradiction to this Court's clear Local Rule.

To avoid the need to file a sur-reply, Defendant will anticipate that in her reply, Plaintiff will attempt to remedy the violation of this Court's Local Rule by arguing that the parties were conferring in writing and orally concerning these discovery disputes, and therefore, compliance with this rule should be waived or is somehow met.  The Rule, however, is clear.  Motions such as these must be filed within 30 days.  The only enumerated exception is if "the court extends the time for filing such motion for good cause."  Defendant has carefully reviewed the docket in this matter and has neither seen a statement of good cause from Plaintiff, nor an order from this Court extending this deadline for such good cause shown.  Thus, the issues herein are waived.

The Court need go no further.  The motion must be denied summarily.

### 2. Conferral

Defendant concurs that Plaintiff has conferred with Defendant concerning this matter in compliance with Local Rule 37.2.

### B. DEFENDANT HAS COMPLIED WITH ALL DISCOVERY THAT IS GERMANE TO THE SINGULAR LEGAL ISSUE IN THIS CASE

In short, the requested discovery is overly broad, unduly burdensome, and not proportional to the needs of this case under Rule 1 of the Federal Rules of Civil Procedure.  The sole issue in this case is whether Defendant's letters misled Plaintiff by not disclosing the existence of accruing interest.  This is a legal dispute.  The letters at issue say what they say.  They are attached to the Complaint.  Either the letters violate the FDCPA or they do not (Defendant obviously believes they do not).  Defendant properly objected to any discovery not narrowly focused on this issue.

Likewise, this is a case where the maximum amount of statutory damages available is $1,000 under 15 U.S.C. § 1692k.  Given the limited stakes, the discovery as a whole was overly broad and disproportionate to the needs of the case.  Plaintiff sent 42 discrete discovery requests.  It was certainly not targeted, nor "minimal."

Moreover, after Defendant properly objected to the overly broad and disproportionally burdensome discovery, Plaintiff then sent a six-page, single spaced "golden rule" letter offering stock complaints about each discovery response.  This further escalated the burdensome nature of the discovery sought, and pressed this case further beyond the discovery needs and norms of a single-plaintiff FDCPA dispute over a narrow legal issue related to a letter.

Nonetheless, Defendant conferred in good faith, and indeed, supplemented its discovery responses in an effort to de-escalate the unnecessary discovery dispute.  It further offered:

> That all said, I would prefer to avoid expending additional resources on a broad ranging discovery dispute. If there is something specific and focused that is needed to support a relevant fact for the parties' summary judgment record, then please explain concisely what is needed and why. Perhaps a call between counsel may be more productive than a lengthy letter exchange?

Finally, Defendant did not respond in kind.  Certainly, Defendant could have tendered stock discovery requests seeking standard documents and burdening Plaintiff with interrogatory and request for admission responses.  It didn't.  Defendant served a total of four discovery requests all focused on the narrow issue of whether Plaintiff knew that her student loan debt was, in fact, accruing interest (which would undermine her claim that she was confused by the letters sent to her from Defendant).  Defendant further sought to streamline the issues by noting that Plaintiff could forgo responding to the discovery altogether, if the parties could stipulate to the handful of facts necessary to present this case to the Court on cross-motions for summary judgment.  In the end, Plaintiff never responded to the proposed stipulated facts and, quite ironically in light of this motion, refused to respond to the incredibly narrow discovery tendered.

### C. THE ADDITIONAL INFORMATION PLAINTIFF SEEKS IS NOT TARGETED TO THE SINGULAR ISSUE IN THIS CASE

Plaintiff's discovery requests are inherently overbroad. Based on the scope of the Complaint, this case relates to (1) letters sent by Defendant to Plaintiff and (2) the legal issue of whether the letters needed to warn Plaintiff that the balance of her student loan may change due to the accrual of interest or other charges. Yet, many of Plaintiff's discovery requests broadly seek (1) communications with any third party and (2) communications that have no connection to the issue of warnings about interest:

- Interrogatory No. 6 asked for the substance of "**each** communication or contact, or attempted communication or contact, **between Defendant and any third party**, including any credit reporting agencies, related to Plaintiff's account." Doc. 21 at 6 (emphasis added).

- Request for Production No. 3 asked for "**all documents** Defendant sent to or received from **any other person**, including the creditor and any credit reporting agencies . . . ." Id. at 7 (emphasis added).

- Request for Production No. 5 asked for "**all** . . . communications or conversations . . . **between Defendant and any other person** related to Plaintiff's account." Id. at 8 (emphasis added).

As the Complaint does not raise any disputes related to credit reporting or communications with anyone other than Plaintiff, these requests seek irrelevant information and are not proportional to the needs of this case.

Plaintiff's other requests have similar flaws. For example, Interrogatory No. 8 asked for "**all agreements** between Defendant and the creditor originating or owning Plaintiff's account"; Request for Production No. 1 asked for "**any and all** 'account notes'"; and, Request for Production

No. 6 asked for "**all other documents relating to Plaintiff's account** . . . ." Doc. 21 at 7-8 (emphasis added). These requests are not narrowly tailored to address the sole legal issue raised by the Complaint: whether the letters sent to Plaintiff needed to include the McCalla disclosure to comply with the FDCPA.

In Sections IV(A) and V of her brief, Plaintiff suggests at length what additional and appreciable more discovery she believes she is entitled to. However, Plaintiff fails to explain how five pages of briefing on additional discovery could possibly fit the definition of the word "minimal."

More importantly, Plaintiff fails to explain why this discovery is needed or why it is relevant. Section IV(B) efforts to offer such explanation. However, after providing the Court with a general definition of relevancy, Plaintiff then fails to reasonably apply that definition to this case. The crux of Plaintiff's argument is her belief that the fishing expedition she seeks will lead to information concerning whether interest was accruing. Doc. 21 at 10. However, that issue is not in dispute. The narrow legal claim in this case is not whether interest was accruing, but whether the FDCPA required Defendant to inform Plaintiff that her balance may increase after the date of the letter. See, e.g., Doc. 1 ¶ 30 (claiming a letter did "not inform Plaintiff that the balance is subject to increase due to accrued interest, fees, or other charges."); ¶ 33 (claiming letter was "misleading" as balance "was subject to adjustment on a periodic basis"); ¶ 35 (claiming a later letter was "misleading" because it failed "to inform the consumer that the balance was subject to increase due to accrued interest, fees, or other charges.").

Plaintiff next oddly suggests that the "balance" of the debt is somehow germane to her legal theory. Plaintiff fails to explain how that is relevant. And, again, the Complaint is focused on whether the letters needed to warn Plaintiff, generally, that the "balance was subject to increase

due to accrued interest, fees, or other charges." Doc. 1 ¶¶ 30, 33, 35. Additional balance information is not relevant to the narrow legal issue presented by the operative pleading.

**D.     DEFENDANT HAS NOT WAIVED PRIVILEGE**

Plaintiff argues that Defendant waived its privilege objection by failing to tender a privilege log. Doc. 21 at 10-11. Plaintiff miscomprehends the nature of the privilege claim. Plaintiff sought all communications with any third party regarding Plaintiff's account. In addition to being demonstrably overbroad, the request itself would encompass privileged communications between Defendant and its defense counsel in this case. Thus, a privilege objection was warranted. Indeed, the only claims of privilege stated related to communications between Defendant and its outside counsel herein, and occurred after the filing of this lawsuit.

Defendant's discovery responses explained this very point to Plaintiff: "Also, due to its breadth, this interrogatory seeks communications between Defendant and its counsel, which are protected from disclosure by the attorney-client privilege and attorney work-product doctrine." See, e.g., Response to Interrogatory 3. Providing a privilege log cataloguing all communications with defense counsel in an ongoing litigation matter is unduly burdensome. The log itself could also provide strategic advantage to the adversary by knowing when and what topics Defendant is discussing with its counsel as the case proceeds. Defendant should not be put to this burden simply because Plaintiff chose to issue impermissibly overbroad discovery requests.

**E.     DEFENDANT FULLY RESPONDED AND ENGAGED WITH PLAINTIFF; THE PARTIES SIMPLY DISAGREE**

Throughout her brief, Plaintiff intimates that Defendant's counsel repeatedly ignored the discovery issues. The record belies such suggestion. Instead, Defendant responded to each inquiry and to the discovery itself. It even supplemented. It simply disagreed with Plaintiff about whether she was entitled to such broad-ranging discovery.

The only issue Defendant did not respond to was the request from Plaintiff on November 17, 2020 for "clarification" as to the nature and origin of five screen shots produced by Defendant. Of course, the discovery rules do not require that documents be explained. They merely require that they be produced. Nonetheless, and again to avoid further resources being expended herein, Defendant states that the screenshots at issue were from the Department of Education's computer system. The documents show the interest charged on Plaintiff's account as calculated by the Department of Education.

F.   **THERE IS NO BASIS FOR AWARDING PLAINTIFF FEES**

At best, this motion presents a good faith discovery dispute between the parties as to the scope and breadth of discovery necessary to support the parties' upcoming cross-motions for summary judgment. Coupled with agreed-to courtesy extensions, Defendant's counsel has timely responded to all requests and conferred in good faith. The parties simply disagree as to what is required. Given the narrow legal issues in the case and the representations made by Plaintiff's counsel that only "limited" discovery was needed, Defendant was certainly "substantially justified" in objecting to the extensive discovery requests sought by Plaintiff. No fees or costs are appropriate.

Respectfully submitted,

SPENCER FANE LLP

By: s/ Joshua C. Dickinson
Joshua C. Dickinson      KS Bar No. 20632
Kersten L. Holzhueter    KS Bar No. 24885
Walnut, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Facsimile: (816) 474-3216
E-mail: jdickinson@spencerfane.com
        kholzhueter@spencerfane.com

ATTORNEYS FOR DEFENDANT

OM 581998.1

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Kansas on the 4th day of January, 2021, with notice of case activity generated and sent to counsel of record.

                                              s/ Joshua C. Dickinson