IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ELIZABETH SHIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:20-cv-02205 |
| vs. | ) |
| | ) |
| PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

Plaintiff Elizabeth Shields ("Plaintiff") submits this reply in support of her motion to overrule Defendant Professional Bureau of Collection of Maryland, Inc.'s ("Defendant") objections to Plaintiff's written discovery requests, compel better answers, and award sanctions against Defendant and its counsel.

**I.   Introduction**

Plaintiff hoped to resolve this discovery dispute without needlessly involving the Court. Her counsel drafted a detailed letter explaining the deficiencies with Defendant's responses, explained the same when conferring telephonically, identified the deficiencies with Defendant's supplement, and repeatedly followed up when Defendant and its counsel stopped responding. After promising to supplement its deficient responses, many remained deficient. And when Plaintiff continued to attempt to informally resolve the dispute, Defendant went radio silent instead of conferring in good faith. It now seeks to avoid meaningfully responding to discovery because Plaintiff did not file her motion within thirty days. While correct, good cause exists to extend this time based on the parties continued discussions to resolve the dispute informally.

1

Rather than providing any reasonable basis for its objections, Defendant references an alleged dispute regarding Plaintiff's discovery responses that is neither before the Court nor relevant to Plaintiff's motion. And while Defendant repeatedly argues that this matter involves a single legal issue, Defendant's attempted over-simplification is wrong. Defendant has failed to meet its burden to support its objections and has waived privilege. The Court should grant the motion.

## II.     Good cause exists to extend the time for filing Plaintiff's motion.

"[A] party may file a motion to compel within thirty days or longer time period for good cause shown. Good cause exists if the moving party shows it acted diligently in attempting to resolve the discovery dispute at issue." *Ad Astra Recovery Servs. v. Heath*, No. 18-1145-JWB-ADM, 2020 U.S. Dist. LEXIS 159828, at *23 (D. Kan. Sep. 2, 2020); *see Hansen v. Experian Info. Sols., Inc.*, No. 16-CV-2629-DDC-GLR, 2017 U.S. Dist. LEXIS 96336, at *4 (D. Kan. June 22, 2017) ("Unless the Court finds that Plaintiff has demonstrated good cause or excusable neglect in not filing a timely motion to compel, his objections to Defendant's responses are waived."). "The rationale of D. Kan. Rule 37.1(b) is to ensure the court can address discovery disputes while they are still fresh, and in turn expedite litigation." *Cont'l Cas. Co. v. Multiservice Corp.*, No. 06-2256-CM, 2008 U.S. Dist. LEXIS 1364, at *11 (D. Kan. Jan. 7, 2008). "[C]ourts in this District have allowed untimely motions to compel . . . when the moving party had relied on the opposing party's false assurances of compliance." *Kankam v. Univ. of Kan. Hosp. Auth.*, No. 07-2554-EFM, 2009 U.S. Dist. LEXIS 5526, at *6 (D. Kan. Jan. 26, 2009). Likewise, where the parties have continually discussed the discovery at issue, good cause exists to extend the deadline. *Dig. Ally, Inc. v. Util. Assocs.*, No. 14-2262-CM-GEB, 2016 U.S. Dist. LEXIS 51208, at *6 (D. Kan. Apr. 15, 2016) (Birzer, J.)

On September 30, 2020, Defendant served its Discovery Responses. Doc. 21 § II ¶ 8; *see* Doc. 27 at 3 (Defendant does not dispute Plaintiff's statement of facts). On October 13, 2020, Plaintiff sent a detailed "golden rule" letter demanding supplemental responses within seven days. *Id.* at ¶ 9. After an agreed additional three days, Defendant responded. *Id.* at ¶¶ 10-12. Because the local rules deem a "golden rule" letter insufficient, Plaintiff's counsel conferred telephonically with Defendant's counsel on November 5, 2020, pursuant to D. Kan. Rule 37.2. *Id.* at ¶ 13. However, this remained insufficient due to Defendant's counsel's need to confer with Defendant. *Id.* After a week of silence, counsel advised that Defendant hoped to supplement its responses the following day. *Id.* at ¶¶ 14-15. While Defendant supplemented its responses on November 16, 2020, they remained deficient and Plaintiff again requested Defendant supplement. *Id.* at ¶¶ 16-17. Rather than meaningfully confer, Defendant and its counsel ceased responding. *Id.* at ¶¶ 18-19.

Based on the parties' constant discussions to resolve the dispute and Plaintiff's reliance on Defendant's agreement to supplement, good cause exists:

> The Court acknowledges that the present motion was not filed within 30 days of service of Defendant's discovery responses. Even so, the Court is satisfied that Plaintiff has established good cause under D. Kan. Rule 37.1 for filing the motion when it did. Plaintiff's "golden rule" letter was sent a full week before the deadline for a timely filed motion to compel. Plaintiff went to the additional effort of arranging and participating in a pre-motion conference in an attempt to resolve these discovery issues without filing a motion. The Court will not penalize Plaintiff for these efforts to resolve the underlying disputes, especially when the efforts began within the time frame established by D. Kan. Rule 37.1. Further, Plaintiff's "golden rule" letter, email, telephone calls, and pre-motion conference constitute sufficient efforts to confer pursuant to D. Kan. Rule 37.2.

*Chi. Tribune Co., Ltd. Liab. Co. v. Masterpiece Mktg. Grp., Ltd. Liab. Co.*, No. 13-2157-CM-KGG, 2014 U.S. Dist. LEXIS 20321, at *5 (D. Kan. Feb. 19, 2014).

The Court should find good cause exists and grant Plaintiff's motion to compel. *Dig. Ally, Inc.*, 2016 U.S. Dist. LEXIS 51208 at *6 (finding good cause despite the passage of ten months based on parties considerable communication over the disputes); *see Allianz Ins. Co. v. Surface Specialties, Inc.*, Case No. 03-2470, 2005 U.S. Dist. LEXIS 301, 2005 WL 44534, at *1 (D. Kan. Jan. 7, 2005) (court excused the defendant's untimely filing of its motion to compel based upon a showing that the parties' mutual efforts to resolve the discovery dispute continued after the deadline).

### III. Defendant's assertion that this matter involves a single issue is wrong.

Throughout its response, Defendant repeatedly asserts that this matter involves a "singular legal issue." As is clear from the complaint, Defendant is wrong.

Plaintiff alleges Defendant violated the Fair Debt Collection Practices Act ("FDCPA") in connection with the collection of an alleged student loan debt (the "Debt"). Doc. 1 ¶ 15. In connection with the collection of the Debt, Defendant sent Plaintiff three letters—July 2, 2019, August 2, 2019, and August 26, 2019. *Id.* at ¶¶18-26. Both the July 2 and August 2 letters identified the balance as $217,657.60. *Id.* at ¶¶ 21, 24. However, the balance increased by $1,069.41—to $218,727.01—in the August 26 letter. *Id.* at ¶¶ 27-28. However, neither the July 2 nor August 2 letter advises of the possibility that the Debt may increase due to interest, fees, or other charges. *Id.* at ¶¶ 30, 25.

By failing to disclose that the balance of the Debt was subject to increase, Defendant's July 2 and August 2 letters used false, deceptive, or misleading representations or means—including the false representation as to the character, amount, or legal status of the Debt—in violation of Sections 1692e(2)(A) and e(10) of the FDCPA. Thus, Defendant is partially correct, in that one of

4

the issues in this matter is whether it was required to provide the "McCalla disclosure" in its letter. *See* Doc. 27 at 8.[1]

But even if Defendant was not required to include the disclosure—it was—additional issues exist. For instance, whether the August 2, 2019 letter failed to identify the correct balance as of that date. *See* Doc. 21-6 at 3 (admitting the $217,657.60 balance included interest through July 2, but denying that it did not include interest through August 2, despite identifying the same balance on both dates). Defendant also asserts a bona fide error defense. *See* Doc. 7 at 6.

Defendant's argument that this matter involves a single issue is a red herring, lacks merit, and should be disregarded. The requested information is relevant and the Court should grant Plaintiff's motion to compel.

## IV.     Defendant waived privilege—it presents no legal authority showing otherwise.

Defendant does not dispute that it failed to properly "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Yet without citing a single legal authority, Defendant ignores that it is "well settled that if a party fails to make the required showing under Fed. R. Civ. P. 26(b)(5)(A) by not producing a privilege log or by producing an inadequate one, courts may deem the privilege waived." *Kannaday*, 292 F.R.D. at 646; *see Travelers Home & Marine Ins. Co. v. HTP, Inc.*, No. 15-1371-EFM-GEB, 2017 U.S. Dist. LEXIS 198064, at *16 (D. Kan. Dec. 1, 2017) (Birzer, J.) ("If the withholding party fails to make the required showing, by not producing a privilege log or by providing an inadequate one, the court may find the privilege waived."). It cannot. Defendant has waived any privilege objection.

---

[1] If this matter solely involved a single legal issue, Defendant could have moved to dismiss for failure to state a claim, for judgment on the pleadings, or even filed an early motion for summary judgment.

## V. Defendant's "screenshots" are improper.

Defendant concedes it failed to respond to "the request from Plaintiff on November 17, 2020 for 'clarification' as to the nature and origin of five screen shots produced by Defendant." Doc. 27 at 10. Defendant's argument that it is not required to explain the documents, only produce them, rings hollow, given its agreement to produce ESI in native or pdf format. *See* Report of Parties Planning Conference, attached as Exhibit A, at 6. Out of context screenshots, converted to pdf format, do not comply with the spirit of the parties' agreement. *See* Doc. 21-14 (showing additional rows and columns off screen and not produced). Defendant must produce these records in native format if it is unable to produce the discoverable information in its entirety as a pdf.

## VI. Conclusion.

Despite Plaintiff's good-faith efforts to resolve the current discovery dispute well-before this deadline, Defendant continues to withhold highly relevant information and documents it unilaterally considers "irrelevant" based on its attempt to pigeonhole this matter into a single legal issue. Defendant must meaningfully engage in the discovery process as required by the Federal Rule of Civil Procedure.

WHEREFORE, Plaintiff respectfully requests that this Court grant her instant motion to compel, overrule all of Defendant's objections, order Defendant to produce the requested information and documents, and award Plaintiff reasonable attorney's fees incurred in bringing this instant motion.

Dated: January 25, 2021

Respectfully submitted,

/s/ Anthony LaCroix
Anthony LaCroix
KS Bar No. 24279
1600 Genessee, Ste. 956
Kansas City MO 64102

Telephone:  (816) 399-4380
Fax:  (816) 399-4380
Email:  tony@lacroixlawkc.com
*Lead Counsel for Plaintiff*

*Co-counsel with Thompson Consumer Law Group*

**Correspondence Address:**

Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206

s/Amorette Rinkleib
Amorette Rinkleib
*Pro Hac Vice*
Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 899-9189
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on January 25, 2021, I filed the foregoing document with the Court using CM/ECF, which will send notice to counsel of record as follows:

Joshua C. Dickinson
Kersten L. Holzhueter
Spencer Fane, LLP
1000 Walnut Street
Suite 1400
Kansas City, MO 64106
jdickinson@spencerfane.com
kholzhueter@spencerfane.com
*Counsel for Defendant*

/s/ Anthony LaCroix
Anthony LaCroix