# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ELIZABETH SHIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-2205-HLT-GEB |
| | ) |
| PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC., | ) ) ) |
| | ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel Discovery (**ECF No. 20**). The Court considered Plaintiff's written Motion, Memorandum in Support (ECF No. 21) and Reply (ECF No. 30), and Defendant's Response in opposition (ECF No. 27), and on April 29, 2021 held an oral argument. Plaintiff Elizabeth Shields appeared through counsel, Amorette Rinkleib and Anthony LaCroix. Defendant Professional Bureau of Collections of Maryland, Inc., appeared through counsel, Joshua Dickinson. After consideration of the briefing and oral argumenta, the Court orally **GRANTED in part and DENIED in part** Plaintiff's motion and modified the schedule. This order memorializes the Court's rulings from the conference.

1

## I.     Background[1]

Plaintiff filed this case on April 17, 2020, alleging Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in its attempts to collect on Plaintiff's student loan debt. In its collection attempts, Defendant sent Plaintiff three letters, dated July 2, 2019; August 2, 2019; and August 26, 2019. In the first two letters, Defendant identified the balance of the debt as $217,657.60. In the final letter dated August 26, 2019, Defendant listed the balance as $218,727.01—$1,069.41 more than the balance previously listed. Plaintiff claims none of the letters provide any explanation for the increase in the balance, which is an omission of material information and misleading. Plaintiff claims this false representation as to the amount of the debt is a violation of the FDCPA, and seeks statutory and actual damages, as well as attorney fees and costs. Defendant denies Plaintiff's claims.

On August 14, 2020, the undersigned U.S. Magistrate Judge conducted a scheduling conference with counsel for both parties. After review of the parties' Planning Report[2] and discussion with counsel during the conference, the Court accepted the parties' representations that, due to the uniquely legal—rather than factual—nature of this dispute, minimal discovery would be necessary. (*See* Scheduling Order, ECF No. 13.) And, because counsel suggested the case could potentially be resolved within the thirty days following

---

[1] Unless otherwise indicated, the information recited is gleaned from the parties' pleadings (Pl.'s Compl., ECF No. 1; Def.'s Answer, ECF No. 7) and the briefing regarding the instant motion (ECF Nos. 20, 21, 27, 30). This background information should not be construed as judicial findings or factual determinations.

[2] Report of Parties' Planning Conference, dated Aug. 7, 2020 (jointly submitted by Plaintiff and Defendant's counsel; maintained in Chamber's file).

2

the conference, and if not, there was a strong likelihood the matter could be resolved via dispositive motions, an atypical schedule was structured. The parties were to participate in informal settlement discussions in September and October 2020, and in the event they could not resolve the case, the parties were directed to "conduct the minimal discovery necessary for their dispositive motions" and file cross-motions for summary judgment by November 20, 2020. (*Id.* at 2.)

The parties apparently failed to reach a resolution, and a discovery dispute arose, which led to a request to extend the dispositive motion deadline. (Motion, ECF No. 18; Order, ECF No. 19.) Before either party filed its motion for summary judgment, Plaintiff filed the subject motion seeking to compel discovery. (ECF No. 20.) The case has since been at an impasse.

## II.  Plaintiff's Motion to Compel Discovery (ECF No. 20)

Plaintiff served written discovery requests on Defendant on August 3, 2020. (ECF No. 21, Ex. A.) On September 1 and 14, 2020, Defendant requested and Plaintiff agreed to two extensions of Defendant's discovery responses. (*Id.* at Ex. C.) Defendant served its written responses to Plaintiff's requests on September 30, 2020. (*Id.* at Exs. E-H.) Following its responses, Plaintiff sent Defendant a Golden Rule letter, outlining what she saw as deficiencies in the responses, to which Defendant responded. (ECF No. 21 at 3.) The parties spoke by phone to discuss the disputes on November 5, 2020, at which time Plaintiff claims defense counsel represented he would consult with his client and get back to Plaintiff. After additional email exchanges, Defendant produced some supplemental discovery on November 16 (*id.* at 4), about which Plaintiff sought clarification and asked

3

Defendant to further supplement its responses by November 20, 2020. A final email regarding the discovery was sent by Plaintiff's counsel to defense counsel on November 24, 2020; however, to date, Plaintiff contends she has received neither a response to that email nor additional supplemental discovery. (*Id.* at 5.) Plaintiff further contends Defendant refused to meaningfully participate in additional conferral, which forced her to file her motion to compel on December 9, 2020. (*Id.*)

Plaintiff seeks to compel complete responses to seven of her 42 discovery requests, including her Interrogatory Nos. 6 and 8 and Request for Production Nos. 1, 3, and 5-7. The disputes between the parties generally center on the breadth of Plaintiff's discovery requests, and how limited the information should be, given the earlier discussions and the operative Scheduling Order.

Defendant maintains this case concerns a very narrow legal issue: whether letters Defendant sent to Plaintiff must have included additional information about the accrual of interest or other charges. Defendant contends Plaintiff's requests seek information far beyond the relevant scope, and the parties previously agreed to minimal discovery, which Plaintiff's requests exceed. As such, Defendant agreed to produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account, but nothing more. (*See* ECF No. 21, Exs. E, G; ECF No. 27.)

### A.  Duty to Confer

As a threshold matter, the Court first considers whether the parties have sufficiently conferred regarding the discovery disputes outlined in Plaintiff's Motion, as is required by

4

Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.[3] Although it is clear the parties exchanged emails and letters on the disputes and spoke by phone on November 5, 2020, Plaintiff contends Defendant failed to respond to her second request to confer in late November 2020. (ECF No. 21 at 4-5). Defendant then contends Plaintiff failed to respond to its proposed stipulated facts submitted in October 2020 and inappropriately refused to answer Defendant's own minimal discovery requests. (ECF No. 27 at 3-4.)

D. Kan. Rule 37.2 is clear "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so." It appears the parties made an *initial* good faith effort to confer regarding the disputes over Plaintiff's requests, although Defendant failed to respond to the most recent attempt. From an overview of the briefing, it appears there was a breakdown in communications on both sides. Although the Court could decline to decide the discovery issue on the basis of this communication failure, the Court in its discretion chooses to address the motion on its merits. However, the parties are strongly cautioned to fully heed the requirements of D. Kan. Rule 37.2 in the future.

---

[3] D. Kan. Rule 37.2 provides the court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so." D. Kan. Rule 37.2.

**B.     Legal Standards**

Trial "[c]ourts are given broad discretion to control and place appropriate limits on discovery."[4] And "a magistrate [judge] is afforded broad discretion in the resolution of non-dispositive discovery disputes."[5] Plaintiff's discovery requests and deposition notice primarily implicate Federal Rule of Civil Procedure 26 outlining both the scope of discovery and the requirement for a privilege log. Each standard is briefly outlined.

### 1.     Fed. R. Civ. P. 26

Rule 26(b)(1) frames the scope of discovery. This rule provides a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. When reviewing proportionality, the Court considers the following factors: 1) the importance of the issues at stake in the action, 2) the amount in controversy, 3) the parties' relative access to relevant information, 4) the parties' resources, 5) the importance of the discovery in resolving the issues, and 6) whether the burden or expense of the proposed discovery outweighs its likely benefit.[6]

Despite the focus on proportionality in the rule since 2015, relevancy is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to

---

[4] *Semsroth v. City of Wichita*, No. 06-2376-KHV-DJW, 2007 WL 2287814, at *1 (D. Kan. Aug. 7, 2007) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990) (discussing whether to stay discovery).
[5] *In re Urethane Antitrust Litig.*, No. 04-1616-JWL, 2014 WL 61799, at *1 (D. Kan. Jan. 8, 2014) (citing *A/R Roofing, L.L. C. v. Certainteed Corp.*, 2006 WL 3479015, at *3 (D. Kan. Nov. 30, 2006) (other internal citations omitted).
[6] *Lawson v. Spirit AeroSystems, Inc*., No. 18-1100-EFM-ADM, 2020 WL 3288058, at *10 (D. Kan. June 18, 2020) (citing Fed. R. Civ. P. 26(b)(1).

other matters that could bear on" any party's claim or defense.[7] In other words, the court should permit a request for discovery unless "*it is clear* that the information sought can have *no possible* bearing" on a claim or defense.[8] Relevance at the discovery stage is broad.[9] Information need not be admissible in evidence to be discoverable, but the scope of discovery must be proportional to the needs of the case.[10]

If the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery 1) does not come within the scope of relevancy as defined under Rule 26(b)(1), or 2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[11] On the other hand, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery bears the burden to show the relevancy of the request.[12] Relevancy determinations are generally made on a case-by-case basis.[13] A party asserting undue

---

[7] *Williams v. UnitedHealth Grp.*, No. 2:18-CV-2096, 2020 WL 528604, at *1-*2 (D. Kan. Feb. 3, 2020) (quoting *Gilmore v. L.D. Drilling, Inc.*, No. 16-CV-2416-JAR-TJJ, 2017 WL 2439552, at *1 (D. Kan. June 6, 2017)). *See also In re EpiPen*, No. 17-MD-2785-DDC-TJJ, 2018 WL 1586426, at *2 (D. Kan. Apr. 2, 2018) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).
[8] *Gilbert v. Rare Moon Media, LLC*, No. 15-MC-217-CM, 2016 WL 141635, at *4 (D. Kan. Jan. 12, 2016) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689–90 (D. Kan. 2001) (emphasis in original)).
[9] *See Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc*., No. 08-212-KHV, 2008 WL 2309011 at *3 (D. Kan. June 3, 2008).
[10] Fed. R. Civ. P. 26(b)(1).
[11] *Riley v. PK Mgmt., LLC*, No. 18-2337-KHV-TJJ, 2019 WL 1509861, at *2 (D. Kan. Apr. 5, 2019) (citing *Gen. Elec. Cap. Corp. v. Lear Corp*., 215 F.R.D. 637, 640 (D. Kan. 2003)).
[12] *Id.* (citing *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008)).
[13] *Id.* (citing *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011)).

burden must present an affidavit or other evidentiary proof of the time or expense involved in responding to a discovery request.[14]

### 2. Privilege Log

When a party withholds discovery documents on the basis of privilege, that party bears the burden of establishing the privilege applies.[15] To meet its burden, under Fed. R. Civ. P. 26(b)(5)(A), the objecting party must describe in detail the information it deems protected, and must provide precise reasons for its objection.[16]

Generally, the withholding party makes this showing by submitting a privilege log. The contents of a privilege log vary, but courts in the District of Kansas commonly require a privilege log to include certain information.[17] The objecting party must provide enough information in the privilege log to enable the other party, and the Court, to assess each

---

[14] *Speed Trac Techs*, 2008 WL 2309011, at *5.

[15] *Schmitz*, 2011 WL 1627010, at *7-*8 (internal citations omitted).

[16] *Id*. (quoting *Nat'l Union Fire Ins. Co. v. Midland Bancor, Inc.,* 159 F.R.D. 562, 567 (D. Kan. 1994) (other internal citations omitted)).

[17] *Id.* (citing *In re Universal Serv. Fund Tel. Billing Practices Litig.,* 232 F.R.D. 669, 673 (D. Kan. 2005) (internal citations omitted)) (outlining the items normally included in a privilege log, including : (1) A description of the document explaining whether the document is a memorandum, letter, e-mail, etc.; (2) The date upon which the document was prepared; (3) The date of the document (if different from # 2); (4) The identity of the person(s) who prepared the document; (5) The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, including an evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney; (6) The purpose of preparing the document, including an evidentiary showing, based on competent evidence, "supporting any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent;" a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and a showing, again based on competent evidence, "that the documents do not contain or incorporate non-privileged underlying facts;" (7) The number of pages of the document; (8) The party's basis for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and (9) Any other pertinent information necessary to establish the elements of each asserted privilege.).

element of the privilege and determine its applicability.[18] Mere conclusions are insufficient, and a failure to provide supporting details in the privilege log may result in denial of the privilege.[19]

### C. Timing of Plaintiff's Motion / Waiver

Defendant argues Plaintiff's motion should be summarily denied because it is untimely under D. Kan. Rule 37.1. This rule requires "[a]ny motion to compel discovery [to] be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause. Otherwise, the objection to the default, response, answer, or objection is waived." "Good cause exists if the moving party shows it acted diligently in attempting to resolve the discovery dispute at issue."[20]

Because Defendant's discovery responses were served on September 30, 2020, and Plaintiff's motion was filed December 9, 2020, Defendant's point is well-taken, and the motion is technically out of time. However, the parties were clearly conferring regarding the disputed responses and Defendant's last supplemental response was November 16, 2020. (ECF No. 21 at 4 ¶ 16.) Although Plaintiff's motion may be technically out of time, Plaintiff was relying upon Defendant's supplementation prior to filing her motion, which

---

[18] *See* Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii); *Schmitz*, 2011 WL 1627010, at *8 (citing *McCoo v. Denny's Inc*., 192 F.R.D. 675, 680 (D. Kan. 2000) (other internal citations omitted)).
[19] *See Schmitz*, 2011 WL 1627010, at *8 (internal citations omitted).
[20] *Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB-ADM, 2020 WL 5057482, at *7 (D. Kan. Sept. 2, 2020).

9

she filed only three weeks following Defendant's November 16 supplement.[21] The Court finds good cause exists to extend the time such that the Court may address the dispute on its merits and expedite this litigation as efficiently as possible.[22]

### D.     Waiver of Privilege

Plaintiff contends Defendant waived any privilege objections by failing to submit a privilege log with its responses. (ECF No. 21 at 10-11.) Defendant maintains the only claims of privilege stated in its responses relate to communications between it and its counsel occurring after this lawsuit was filed; therefore, these communications are presumptively privileged, and providing a log for these types of communications is unduly burdensome. Defendant provides no authority for this assertion.

Although "withholding materials without the notice required by Rule 26(b)(5)(A) 'is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege,'" such a waiver is not automatic.[23] "Waiver is a harsh sanction, reserved only in cases of unjustified delay."[24] "[C]ourts have reserved such a penalty for only those cases where the offending party committed unjustified delay in

---

[21] *See Kankam v. Univ. of Kan. Hosp. Auth.*, No. 07-2554-EFM, 2009 WL 211946, at *2 (D. Kan. Jan. 26, 2009). "[C]ourts in this District have allowed untimely motions to compel . . . when the moving party had relied on the opposing party's false assurances of compliance." (internal citations omitted).

[22] *See id.* ("The rationale of D. Kan. Rule 37.1(b) is to ensure the court can address discovery disputes while they are still fresh, and in turn expedite litigation.").

[23] *Gray v. Conner Indus., Inc.*, No. 20-1037-TC-GEB, 2021 WL 663203, at *4 (D. Kan. Feb. 19, 2021) (citing *Quality Time, Inc.* 2012 WL 5499555 at *2).

[24] *Thanh Mai v. CSAA Fire & Cas. Ins. Co.*, No. 6:20-CV-1130-JWL-TJJ, 2020 WL 6708650, at *3 (D. Kan. Nov. 16, 2020).

responding to discovery."[25] "Minor procedural violations, good faith attempts at compliance and other such mitigating circumstances bear against finding waiver."[26]

Here, the Court previously discussed the anticipated limited scope of the discovery with the parties during the scheduling conference, and finds Defendant had sufficient concerns with the scope of discovery at this early stage. Therefore, the Court finds no unjustified delay in this instance which would justify the harsh sanction of waiver, and does not find waiver of privilege at this stage of the litigation.

Further, during the April 29 conference, defense counsel confirmed it possessed no documents upon which to assert privilege aside from post-suit communication between client and counsel, and asserted the privilege objection in an abundance of caution. Taking counsel at his word as an officer of the Court, no privilege log is ordered produced. However, in light of the supplementation ordered below, the Court does expect Defendant to produce any necessary log for items it might later discover as part of its supplementation. Additionally, the parties are encouraged to confer regarding pretrial agreements (such as the Susman Agreements, as one example),[27] which may result in an understanding of

---

[25] *White v. Graceland Coll. Ctr. for Pro. Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1266 (D. Kan. 2008) (citing *Sprint Commc'ns,* 2007 WL 1347754, at *2; *Heavin v. Owens–Corning Fiberglass,* No. 02–2572–KHV–DJW, 2004 WL 316072, at *2 (D.Kan. Feb. 3, 2004)).
[26] *Id.* (citing *Sprint Commc'ns,* 2007 WL 1347754, at *2 (citing *First Sav. Bank, F.S.B. v. First Bank Sys., Inc.,* 902 F. Supp. 1356, 1361–63 (D.Kan.1995), *rev'd on other grounds,* 101 F.3d 645 (10th Cir.1996))).
[27] *See, e.g.*, https://trialbyagreement.com/pretrial-agreements/10-pretrial-agreements-with-opposing-counsel/.

whether communications with counsel after case filing are presumptively non-discoverable and not required to be logged.[28]

### E. Disputed Requests

Plaintiff primarily seeks to compel Defendant's responses to seven of her 42 requests, including two Interrogatories ("Interrog.") Nos. 6 and 8, and five Requests for Production ("RFPs") Nos. 1, 3, and 5-7.

#### 1. Plaintiff's Interrog. No. 6

Plaintiff's Interrog. No. 6 asks Defendant to identify all communications between Defendant and any third party related to Plaintiff's account, including who the communication occurred between and the date, time, and type of communication. (ECF No. 21 at 6.) Defendant objected on the basis of relevance, and also noted this request seeks communications between Defendant and its counsel, which are privileged. Defendant only agreed to a scope of discovery which includes "letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account." (ECF No. 21 at 6-7.)

#### 2. Plaintiff's Interrog. No. 8

Plaintiff's Interrog. No. 8 asks Defendant to identify all agreements between Defendant, the collection agency, and the creditor who owned or originated Plaintiff's account by "providing the date of the initial agreement and identifying the terms and/or conditions pursuant to which Defendant sought to collect Plaintiff's account." (ECF No.

---

[28] Such agreements are usually noted in the parties' planning report and/or any Protective Order. However, there has been no Prtoective Order filed in this matter; the parties did not address this in their Planning Report, and the Court did not yet set a full schedule as noted in Section I.

21 at 7.) Defendant repeated its objection on relevance and again noted it would produce "letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account." (*Id.*)

### 3. Plaintiff's RFP No. 1

RFP No. 1 asks Defendant to produce "any and all 'account notes'" as defined in Plaintiff's requests, which generally refers to any documents or data generated by Defendant to document its communications with Plaintiff or any third party related to the collection of Plaintiff's debt. (*Id.* at 7, n.1.) Defendant repeats its objections to relevance and again states it will produce letters and information related to the accrual of interest. (*Id.* at 7.)

### 4. Plaintiff's RFP No. 3

RFP No. 3 asks Defendant to produce "all documents Defendant sent to or received from any other person" or entity which mentions Plaintiff or is related to the collection on Plaintiff's account. (ECF No. 21 at 7.) Defendant repeats its relevancy objection, adds an objection on the basis of both work product and attorney-client privilege, and repeats it "will produce letters sent to Plaintiff and information related to the accrual of interest on Plaintiff's account." (ECF No. 21 at 7-8.)

### 5. Plaintiff's RFP No. 5

Similar to RFP No. 3, Plaintiff's RFP No. 5 asks Defendant to produce all "recordings, copies, transcriptions, or productions, or other documents fixated in any medium, of communications or conversations, or attempted communications or conversations, between Defendant and any other person related to Plaintiff's account."

Defendant repeats its objections to RFP No. 3, on the bases of relevance, privilege, and repeats what it plans to produce based upon the limited scope of this case. (ECF No. 21 at 8.)

### 6. Plaintiff's RFP No. 6

Plaintiff's RFP No. 6 seeks **all documents related to Plaintiff's account**, including any document which contain Plaintiff's personal identifiers (name, address, telephone number, account number, and the like). (ECF No. 21 at 8, emphasis added.) Defendant repeats the same objections as to RFP Nos. 3 and 5, on the bases of relevance and privilege, and repeats what it plans to produce.

### 7. Plaintiff's RFP No. 7

RFP No. 7 asks Defendant to provide "all documents" related to any agreements made by Defendant related to the collection of Plaintiff's account, including any agreement with the originator/creditor of the debt and any credit reporting agencies. Defendant repeats its objections as to RFP Nos. 3, 5 and 6, on the bases of relevance and privilege, and repeats what it plans to produce.

### F.  Discussion

Despite the differences between the requests, each can be analyzed on the common arguments of both parties. The overarching shared issue is: Plaintiff seeks broad discovery without adherence to the parties' prior agreement and this Court's previous understanding of the current breadth of discovery. Likewise, Defendant's responses to all disputed requests are consistent—it argues "The narrow legal claim in this case is not whether interest was accruing, but whether the FDCPA required Defendant to inform Plaintiff that

14

her balance may increase after the date of the letter." (Def.'s Resp., ECF No. 27 at 8.) Defendant claims the discovery Plaintiff seeks is neither "minimal" as previously agreed and ordered by the Scheduling Order, nor relevant to the narrow legal issue presented by the Complaint.

Defendant is correct—Plaintiff's Complaint is focused on the letters Defendant mailed to Plaintiff, and whether each letter was misleading and "failed to meaningfully convey the amount of the debt." (Compl., ECF No. 1 at 5.)  However, although Count I of the Complaint claims a violation of 15 U.S.C. § 1692e(2)(A) regarding misrepresenting the character, amount, or legal status of any debt, Count II of the Complaint claims a violation of 15 U.S.C. § 1692e(10)—the "catchall" provision of the FDCPA which includes any false representation made during collection of a debt. And, discovery is broad.

Plaintiff argues the discovery sought is relevant not only to her claims but to her damages, as the FDCPA includes the "frequency and persistence of noncompliance" as a factor to consider in determination of statutory damages. (ECF No. 21 at 9.[29]) She contends her FDCPA claims "revolve around the balance of the debt, including Defendant's representations" of the debt to other persons or entities. (ECF No. 21 at 9.) She also claims other issues exist in this case, regardless of Defendant's requirement to include a specific disclosure in its letters; for example, whether the August 2, 2019 letter failed to identify the correct balance (ECF No. 30 at 5).  She also maintains Defendant asserts a "bona fide

---

[29] Pl.'s Mem., ECF No. 21 at 9 (citing 15 U.S.C. § 1692k(b)(1)).

error" defense under the FDCPA,[30] which should entitle her to discovery on that issue. (*Id.*; *see* Answer, ECF No. 7 at 6 ¶1.)

The bona fide error defense requires defendant to show, by a preponderance of evidence, that the violation was unintentional and resulted from a bona fide error, "notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."[31] This defense then requires Defendant to show evidence of the procedures it had in place to prevent errors, which would extend outside the narrow parameters previously agreed by the parties.

Because discovery is broad, and it appears the discovery Plaintiff seeks is at least minimally related to the claims and defenses of the parties, the Court will permit Plaintiff's discovery. To this extent, Plaintiff's motion to compel is **GRANTED**. Defendant must supplement its responses to the above requests (Interrog. Nos. 6 and 8; and RFPs Nos. 1, 3, 5, 6 and 7) no later than **May 12, 2021**.

G.  Other Requests

Although Plaintiff did not specifically restate other requests with which she takes issue, aside from those outlined above, she mentions Defendant's responses to Interrogs. Nos. 10-13 and 17-18 in her initial briefing. (*See* ECF No. 21 at 11-12.) Plaintiff claims

---

[30] *Johnson v. Riddle*, 443 F.3d 723, 727 (10th Cir. 2006) ("The bona fide error defense is an affirmative defense that insulates debt collectors from liability even when they have violated the FDCPA. Specifically, the bona fide error provision provides that: 'A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.' 15 U.S.C. § 1692k(c).")

[31] *Id.*

16

although Defendant responded by producing documents, the documents are non-responsive and the production "makes clear other responsive documents exist in Defendant's possession." And Plaintiff argues Defendant fails to provide any facts in response to Interrog. No. 17, which asks it to state the principal facts upon which it relies for each of its affirmative defenses. (ECF No. 21 at 12-13.)

During discussion at the April 29 hearing, it was clear Defendant took a singular approach to answering <u>all</u> Plaintiff's requests: the parties had a minimal discovery agreement and anything viewed as outside the scope of the agreement was too broad. As discussed during the conference, the Court finds the parties have not yet adequately conferred on Interrogs. Nos. 10-13 and 17-18. Therefore, the Court withholds any other rulings on these requests but does anticipate the parties will confer and act accordingly with the Court's other rulings herein.

Likewise, Plaintiff is cautioned—although her own discovery responses are not the topic of the pending motion, the Court is concerned by Plaintiff's refusal to answer Defendant's discovery requests. Plaintiff objected the requests seek information "not relevant . . . [and] has no bearing on whether Defendant's July 2, 2019 and August 2, 2019 letters violated the FDCPA by failing to disclose that interest was accruing on the alleged debt." (*See* ECF No. 27, Ex. 2.) The Court is, quite frankly, bewildered how Plaintiff justifies this response, while herself seeking such broad discovery. During the April 29 hearing, Plaintiff's counsel represented she has since supplemented her requests, which the Court appreciates. Again, the parties are encouraged to fully and continuously confer regarding any such future disputes.

17

If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion. But such a conference is not mandatory.

For purposes of complying with the "meet and confer" requirements, the Court construes the term "confer" to require more than mere email communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must first actually *talk* with each other, and *listen* to each other, regarding their discovery disputes, and then contact the Court for a discovery conference, before filing a motion to compel or similarly related discovery motion.

### III.  Fees

As part of her motion, Plaintiff asks the Court to order Defendant to pay Plaintiff's reasonable expenses, including attorney's fees, spent to obtain the discovery sought. Plaintiff maintains she made "several good-faith attempts to obtain discovery without this Court's intervention" and Defendant's failure to provide the discovery was not substantially justified. (ECF No. 21 at 13-14.)

Although the Court grants Plaintiff's motion in large part, at this juncture, the Court finds the award of expenses inappropriate under Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii). Although Plaintiff contends Defendant's "nondisclosures and objections were not substantially justified" (ECF No. 21 at 14), the Court disagrees. While Defendant will be required to respond, the Court does not find Defendant's arguments to be wholly without

merit, particularly in light of the prior scheduling conference and Scheduling Order and the perceived agreements of counsel. Given these prior discussions, the Court finds Defendant's hesitation to engage in full-blown discovery was substantially justified.

Under these circumstances, the Court finds an award of expenses unjust, and declines to award fees; therefore, in this respect, Plaintiff's motion is **DENIED**.

## IV.  Schedule

As part of the August 14, 2020 scheduling conference, only minimal deadlines were established given the anticipated early dispositive motions. (*See* Sched. Order, ECF No. 13.) After discussion at the April 29, 2021 conference, the Court determines a full schedule is necessary in this case to move this case along efficiently. Therefore, the schedule is revised as follows:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Supplementation of initial disclosures | Per rule and 40 days prior to discovery close |
| Motions to amend | 5/21/21 |
| All discovery completed | 6/18/21 |
| Proposed pretrial order due | 7/6/21 |
| Pretrial conference | 7/13/21 @ 3:00 p.m. |
| All other potentially dispositive motions (e.g., summary judgment) and motions challenging admissibility of expert testimony | 7/30/21 |
| Jury Trial in Kansas City; ETT: 2-3 days. | To be set at pretrial conference |

19

Following discussions during the conference, the parties are relieved from any mediation deadlines at this time. This scheduling order will not be modified except by leave of Court upon a showing of good cause.

## V. Conclusion

Therefore, for the reasons discussed in the April 29, 2021 hearing and as set forth herein, in the Court's discretion, Plaintiff's Motion to Compel Discovery **(ECF No. 20**) is **GRANTED in part and DENIED in part**. Defendant must supplement its responses to Plaintiff's discovery requests as ordered no later than **May 12, 2021**. The schedule is amended as noted.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 3rd day of May, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
