IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ELIZABETH SHIELDS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC.,**<br><br>**Defendant.** | Case No. 2:20-cv-02205-HLT-GEB |

## MEMORANDUM AND ORDER

Plaintiff Elizabeth Shields brings four claims against Defendant Professional Bureau of Collections of Maryland, Inc. Doc. 43. Her first amended complaint alleges various violations of the Fair Debt Collection Practices Act ("FDCPA"). Defendant moves to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). Doc. 45. The Court finds Plaintiff has failed to allege a concrete or recognizable injury and grants the motion to dismiss for lack of standing.

### I.   BACKGROUND[1]

Plaintiff allegedly has student loan debt. *See* Doc. 43 at 3. To collect on this debt, Defendant sent Plaintiff three letters in the summer of 2019. *Id.* at 3-5. The first letter was sent on July 2, 2019. *Id.* at 3. The July 2 letter stated the debt balance was $217,657.60, and that the assigned balance was $184,580.73. *Id.* at 4. The letter did not explain to Plaintiff the difference between the amounts in the assigned balance and the current balance, and Plaintiff did not understand how the total balance was over $33,000 more than the assigned balance. *See id.*

---

[1] For purposes of the pending motion to dismiss, the Court accepts the following well-pleaded factual allegations as true.

On August 2, 2019, Defendant sent Plaintiff a second letter. *See id.* The August 2 letter again identified the debt balance as $217,657.60. *Id.* Plaintiff believed that the debt was no longer accruing interest based on this second letter. *See id.* Plaintiff now believes, however, that the debt was greater than $217,657.60 on August 2 because the letter failed to include the interest that had accrued since July. *Id.* at 5. On August 26, 2019, Defendant sent Plaintiff a third letter. *Id.* The August 26 letter stated the debt balance was $218,727.01. *Id.* The August 26 letter did not explain how the debt balance had increased since August 2. *Id.* Plaintiff believes that the balance in the August 26 letter was the August 7 balance. *Id.*

Defendant's initial July 2 letter did not inform Plaintiff that the debt balance was subject to increase due to interest, fees, and other charges. *Id.* at 6. Plaintiff believes that whether the debt is subject to increase is information material to the consumer. *Id.*

Finally, Defendant did not prepare or mail the debt collection letters itself. *Id.* Rather, Defendant used a third-party mailer. *Id.* at 7. Thus, Defendant disclosed to the mailer on at least three separate occasions that Plaintiff was a debtor and the alleged amount of her debt. *Id.* Plaintiff did not consent to this communication, nor did Defendant have permission from a court. *Id.*

## II.   STANDARD

A party may move to dismiss for lack of subject-matter jurisdiction via a facial or a factual attack. *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020). "A facial attack assumes the allegations in the complaint are true and argues they fail to establish jurisdiction." *Id.* In contrast, a factual attack goes outside the complaint and presents evidence to challenge jurisdiction. *Id.* Defendant brings a facial attack because it challenges the sufficiency of Plaintiff's complaint. *See* Doc. 46 at 4. Thus, the Court accepts the allegations in the complaint as true and

2

considers whether those allegations establish subject-matter jurisdiction. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

The party seeking federal jurisdiction bears the burden to establish standing. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2207 (2021). To establish standing, Plaintiff must show that she has (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable court ruling. *Baker*, 979 F.3d at 871. An injury in fact is concrete and particularized. *Id.*

### III.   ANALYSIS

Plaintiff brings four claims against Defendant: (1) a violation of 15 U.S.C. § 1692e(2)(A) for falsely representing the character, amount, or legal status of Plaintiff's debt; (2) a violation of 15 U.S.C. § 1692e(10) for using false, deceptive, or misleading representations or means in connection with the collection of debt; (3) a violation of 15 U.S.C. § 1692g(a)(1) for failing to meaningfully convey to Plaintiff the amount of debt in its initial communication or within five days thereafter; and (4) a violation of 15 U.S.C. § 1692c(b) for communicating with a third-party regarding Plaintiff's debt without consent or permission. *Id.* at 9-12. Defendant argues she lacks standing to assert any of these claims. Doc. 45 at 1.

The first three claims in the complaint all deal with the substance of Defendant's letters, so the Court analyzes them together. Plaintiff argues that due to the alleged deficiencies in the letters (1) she was confused about the difference between the assigned balance and the total balance of the debt, and (2) she believed her debt was no longer accruing interest. Doc. 43 at 4. She also generally alleges that omitting material information is especially prejudicial to consumers when it happens outside the thirty-day window to dispute the debt. *Id.* at 6.

Article III standing requires a concrete injury. *Baker*, 979 F.3d at 871. Concrete harm can be tangible, like monetary loss or physical injury. *TransUnion*, 141 S. Ct. at 2204. Concrete harm can also be intangible. *See id.* To determine whether a harm is concrete, courts look to traditional tort harms and constitutional violations (e.g., defamation, free speech infringement, etc.). *See id.* But a plaintiff need not establish that the harm has an exact duplicate to harms traditionally redressable in American courts. *Id.* Congress's views on what constitutes harm may also be instructive. *Id.*

Here, Plaintiff's complaint alleges only a general confusion about the discrepancy between the debt and assigned debt amounts, a mistaken belief about whether interest was continuing to accrue, and a general allegation about prejudice to consumers. But she alleges no tangible harm. Moreover, her confusion and mistaken belief are not tied to any intangible harm historically recognized by American courts. *See Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021) (holding stress and confusion do not suffice for standing in the FDCPA context). The Court cannot treat an injury as concrete based on congressional determination alone. *TransUnion*, 141 S. Ct. at 2205 ("Importantly, this Court has rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" (internal quotation and citation omitted)). Finally, her general allegations about consumer prejudice have no particularity as to her and are insufficient to confer standing. *Id.* at 2203 ("Federal courts do not possess a roving commission to publicly opine on every legal question."). Thus, Plaintiff has no standing for her first three claims.[2]

---

[2] Plaintiff includes additional factual allegations in her response to Defendant's motion that are not included in her complaint. The Court does not consider these additional allegations because they are not included in the complaint and because Defendant brings a facial challenge. *See Holt*, 46 F.3d at 1002. But even if those additional factual

Plaintiff's fourth claim alleges that Defendant communicated details about her debt to a third party allegedly in violation of 15 U.S.C. § 1692c(b). In Plaintiff's response to the motion to dismiss, she argues that the harm encompassed in this claim is akin to a traditional American tort, public disclosure of private facts. Doc. 52 at 19. Defendant argues in reply that this tort requires "publicity," and disclosure to a single vendor is insufficient for the tort to be analogous. Doc. 55 at 13. Defendant further argues that this tort also requires that the information be highly offensive to a reasonable person, and disclosure about a debt alone is insufficient to confer standing. *See id.* at 12-13.

The Restatement defines the "Publicity Given to Private Life" tort as follows:

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that
>
> (a) would be highly offensive to a reasonable person, and
>
> (b) is not of legitimate concern to the public.

Restatement (Second) of Torts § 652D (Am. L. Inst. 1977). The Restatement commentary further instructs that "[p]ublicity" requires communication with so many persons that the matter must be regarded as public knowledge. *Id.* at cmt. a. While the Court looks to common-law analogues, a concrete harm does not require an exact copy in American history. *See TransUnion*, 141 S. Ct. at 2204.

Whether an alleged § 1692c(b) violation is akin to the tort of public disclosure of private facts is an open question. The Eleventh Circuit has held that § 1692c(b) bears a close relationship to the invasion-of-privacy category of torts. *See Hunstein v. Preferred Collection & Mgmt. Servs.*,

---

allegations could establish an injury in fact had they been included in the complaint—an issue the Court does not reach—the Court questions whether those allegations demonstrate a causal link to Defendant's conduct.

*Inc.*, 994 F.3d 1341, 1347 (11th Cir. 2021). Relatedly, the Tenth Circuit recently held that a single unwanted creditor phone call in violation of 15 U.S.C. § 1692c(c) was the same <u>kind</u> of harm recognized in the common-law tort of intrusion upon seclusion, and thus the plaintiff had suffered a concrete harm. *See Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1190-93 (10th Cir. 2021). The plaintiff still had standing even though one call was not the same <u>degree</u> of intrusion that was required at common law. *See id.* at 1192-93. Plaintiff urges we adopt *Lupia*'s rationale and apply it to her claim. Doc. 56.

On the other hand, the Supreme Court recently noted in dicta that courts have not traditionally recognized disclosures to printing vendors as actionable publications, and that publication requires evidence that the document was actually read and not merely processed. *TransUnion*, 141 S. Ct. at 2210 n.6. At least one court has already recognized how *TransUnion* erodes the basis for the Eleventh Circuit's holding in *Hunstein*. *See In re FDCPA Mailing Vendor Cases*, 2021 WL 3160794 (E.D.N.Y. 2021).

*Hunstein* is not binding on this Court, and it has limited persuasive authority because it came before the Supreme Court's decision in *TransUnion*. *Lupia*, on the other hand, came after *TransUnion*. But it dealt with a statutory injury that was a difference in <u>degree</u> from the common law. Here, there is a difference in <u>kind</u>. Plaintiff does not allege that anyone has read her information rather than merely processed it, *see TransUnion*, 141 S. Ct. at 2210 n.6, or that there's otherwise been publicity. Thus, she has not alleged an injury traditionally recognized in American courts.

Moreover, even if sending debtor information to a single vendor counted as publication for standing purposes, that information must still be highly offensive to a reasonable person for the FDCPA claim to be analogous to the common-law claim. Restatement (Second) of Torts § 652D.

Here, Defendant disclosed that Plaintiff had student-loan debt. It is hard to imagine that this information is highly offensive to a reasonable person. *Cf. In re FDCPA Mailing Vendor Cases*, 2021 WL 3160794, at *6 (communicating small debts to a mailing vendor is not highly offensive to a reasonable person). Thus, Plaintiff fails to correlate her alleged harm with one traditionally recognized by American courts. Thus, she has no concrete harm for her fourth claim, and she lacks standing.

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that Defendant's Motion to Dismiss (Doc. 45) is GRANTED. Plaintiff has not demonstrated an injury-in-fact sufficient for Article III standing, and thus her case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: October 14, 2021                             /s/  *Holly L. Teeter*
                                                                        HOLLY L. TEETER
                                                                        UNITED STATES DISTRICT JUDGE